## City of Keithsburg v. Charles J. Simpson.

1. EASEMENTS—*In Favor of Municipal Corporations.*—The right to have water drained from its property through the natural channel exists in favor of a municipal corporation to the same extent as in favor of a private individual.

2. MUNICIPAL CORPORATIONS — *Duty in Constructing Drains.*—A municipal corporation which has increased the flow of water in a certain direction is only bound to exercise reasonable care in providing means for carrying off the surplus water; it is not an insurer against unprecedented floods or cloud bursts.

3. MEASURE OF DAMAGES—*Injury Caused by Water.*—A plaintiff suing for damage to his property caused by water is only entitled to recover such a sum as will put it in as good condition as it was before the flooding, together with compensation for any loss of use during the time it was rendered unfit for occupation.

**Trespass on the Case,** for damage caused by water. Appeal from the Circuit Court of Mercer County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed December 9, 1896. Rehearing denied May 19, 1897.

PEPPER & SCOTT, attorneys for appellant.

The law is that the owner of a higher tract of land has the right, " by ditches and drains, to drain his own land into the natural and usual channels which nature has provided, even if the quantity of water in that way thrown upon the next adjoining lower lands be thereby increased." Peck v. Herrington, 109 Ill. 611, 617; Anderson v. Henderson, 124 Ill. 164, 170; Lambert v. Alcorn, 144 Ill. 313, 326.

It has been held that this doctrine applies as well to highways as to private property. Graham v. Keene, 143 Ill. 425, 430; Commissioners v. Whitsitt, 15 App. 318. And while it has not been expressly decided in this State that it applies with equal force to streets and alleys, no reason appears why it should not do so, and it may be inferred that it does, from the cases of City of Aurora v. Love, 93 Ill. 521, and Robb v. LaGrange, 158 Ill. 21, 27.

BASSETT & BASSETT, attorneys for appellee.

We contend that when the municipal authorities construct gutters, ditches and sewers, and undertake to collect and conduct the water that accumulates in the streets and vicinity, they are bound to use reasonable care in constructing ditches, gutters or drains sufficient to control the water, and a failure to do so makes the city liable for damages to any one whose property is injured by such negligence, regardless of the question of dominant or serviant estate.

We cite the following authorities to sustain this proposition and to controvert the contention of appellant. City of Aurora v. Reed, 57 Ill. 34; City of Aurora v. Gillett, 56 Ill. 135; City of Elgin v. Kimball, 90 Ill. 357; City of Alton v. Hope, 68 Ill. 169; City of Dixon v. Baker, 65 Ill. 518; City of Jacksonville v. Lambert, 62 Ill. 520; Nevins v. City of Peoria, 41 Ill. 502; City of N. Vernon v. Voegler, 103 Ind. 314; Weis v. City of Madison, 75 Ind. 241; Rice v. City of Evansville, 108 Ind. 7; City of Terre Haute v. Hudnot, 112 Ind. 542; Kranz v. City of Baltimore, 64 Maryland, 491; Hitchkins v. City of Frostburg, 68 Md. 100; Gilluly v. City of Madison, 63 Wis. 518; Dillon on Mun. Corp., 4th Edition, Sec. 1051, Vol. 2.

As to damages, the rule as given by the trial court, is laid down by Freeman on Judgments, Section 241; Illinois C. R. R. Co. v. Grabill, 50 Ill. 241; City of N. Vernon v. Voegler, 103 Ind. 314.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action on the case, brought by appellee to recover damages caused to his property, as he claims, by reason of water flowing upon his premises in consequence of the failure of appellant to provide suitable ditches, sewers or drains, to carry off the water accumulating in the street, near the property in question. There was a trial by jury, verdict for $108, and, a motion for new trial being overruled, there was judgment on the verdict for that amount. The evidence tends to show that the premises of

appellee were situated at about the point where the water accumulating in that vicinity found its natural outlet; but his contention is, that because appellant had, before the date of the alleged injury, constructed a ditch along the street in front of his premises, for the purpose of carrying off the water to another outlet, it was bound to so construct it as to render it sufficient for the purpose, and its failure so to do was such negligence as to render it liable for damages accruing in consequence of such failure.

It may be conceded that if the municipal authorities, by grading the streets and constructing ditches and drains, collect a larger body of water than would otherwise reach the natural outlet, and thus increase the flow to that point, they are bound to take care of it, and would be liable for any damage resulting from a failure to do so. But in this case the evidence leaves it a matter of doubt whether the city had increased the volume and flow of water to the vicinity of appellee's premises, which were its natural outlet, and if it had not done so, then the mere fact that it has constructed a ditch which would carry off most of the water, except in case of unusually heavy rains, would not render it liable.

The doctrine of dominant and serviant heritage applies as well between municipal corporations and private individuals as between private individuals alone.

It was for the jury to say, under proper instruction, whether the alleged damage was done in consequence of the city having wrongfully increased the flow of water to appellee's premises and negligently failed to provide for carrying it off; but the city had the right to have the doctrine of dominant and serviant heritage recognized, and not ignored, as was done in the seventh instruction given for appellee. By this instruction the jury were practically told that it was the duty of the city to provide means for carrying off the water flowing to appellee's premises, whether it had anything to do with bringing the water there or not, and wholly ignoring the proposition that water in its natural flow has a right to its natural outlet. We think the giving of this instruction was error.

In the same instruction the jury were told that "it is no excuse or defense for the city to show that the flooding of plaintiff's lot was occasioned by any unusually heavy rain." We think this portion of the instruction was improper to be given under the circumstances appearing in the evidence in this case. As we have seen, the evidence left it at least doubtful whether anything done by the city had increased the flow of water to plaintiff's premises. But, conceding that it had, then it was only bound to exercise reasonable care in providing means for carrying off the surplus water; it was not an insurer against loss or damage by water from unprecedented floods or cloud-bursts. The ditch in question had been in existence for twelve years, without complaint as to its sufficiency prior to the storm which caused the damage sued for. Some of the witnesses speak of this storm as a "flood," while others call it a "cloud-burst," and there can be no doubt it was an extraordinary fall of water. If the city provided ditches sufficient to carry off the surface water, which it could be reasonably apprehended would gather at the point in question, it filled the measure of its duty, and was guilty of no negligence in failing to anticipate "cloud-bursts" or extraordinary floods.

The seventh instruction asked by appellant contained a correct proposition of law, but as it ignored the claim insisted upon by appellee, that appellant had increased the flow of water to his premises, it was properly refused. The right which appellant had to have the water flow through its natural course over appellee's premises was, such water as would reach there in the natural order of things, and not an increased flow and volume by means of artificial ditches and drains.

We think the court erred in admitting evidence as to the decrease in the market value of the property by reason of the flood, for the purpose of fixing the damages, and also in giving the ninth instruction asked by appellee. There was no claim nor proof that the damage done was permanent and irreparable, and, if appellee was entitled to recover at all, it was only for such a sum as would put his property in

as good condition as it was before it was injured by the flooding, together with compensation for any loss of use during the time it was rendered unfit for occupation.

But by the ninth instruction the court told the jury: "The measure of damages is not what it would require to repair the property, but what it would be depreciated in the market by the flooding, and which the jury must find from the evidence in this case." We are of the opinion this instruction does not announce the true measure of damages in a case of this character, and was therefore erroneous.

For the errors indicated, the judgment must be reversed and the cause remanded.