CASE 65—PETITION ORDINARY—DECEMBER 9.

## City of Henderson v. McClain.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. EMINENT DOMAIN—CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS.—The rule that a municipal corporation has authority to grade or regrade the street for a public purpose without incurring responsibility to the owners of abutting lots where there was no direct physical injury to the abutting property, although the street might be raised several feet above the level of the lot, and that the citizens must submit to such incidental disadvantages as resulted therefrom, has been changed by the provision of section 242 of the present Constitution, that "municipal and other corporations and individuals invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured or destroyed by them."

2. PRACTICE IN CIVIL CASES.—The affirmative allegations of an answer having been controverted by a reply, and the answer then withdrawn and subsequently refiled, a second traverse of the affirmative allegations therein was not necessary.

3. CONSTITUTIONAL CONSTRUCTION.—The inhibition in section 242 of the Constitution that such "compensation shall be paid before such taking, or paid or secured, at the election of such corporation or individual before such injury or destruction" is against the corporation or municipality and not against the citizens, and the property owner did not lose his right to compensation after his property had been injured, by a failure to institute a suit for an injunction to prevent the injury until the damages had been estimated and paid.

CLAY & CLAY FOR APPELLANT.

1. A municipal corporation has authority to grade or regrade a street for any public purpose without incurring any responsibility to holders of adjacent lots, though a street may be raised several feet thereby; nor is this rule changed by any provision of the present Constitution. Wolf v. Covington & Lexington R. R., 15 B. M., 404; Keasey v. Louisville, 4 Dana, 154; L. & F. Railroad Co. v. Brown, 17 B. M., 763; Bridge Co. v. Foote, 9 Bush, 264.

2. But if section 242 of the present Constitution did change that rule, it also provides that the compensation shall be paid before the

taking of, or injury to, the property, and the appellee by her delay has lost her right to damages. Her proper remedy was by injunction, staying the proceedings until the damages could be assessed and paid.

3. The plaintiff knew at the time she purchased the property that the street had been graded and cut down and that a few feet on each side was left for pavements and that this was to be cut down and graded so as to conform to the cut and excavation of the street, and is estopped to claim any damages resulting therefrom. Dillon on Municipal Corporations, vol. 2, sec. 995.

YEAMAN & LOCKETT FOR APPELLEE.

1. Appellee was entirely cut off from all access to her residence except through a back alley, and the facts presented in this case show a practical destruction of her property. Under such circumstances an abutting property owner may recover. City of Louisville v. Rolling Mills, 3 Bush, 424; Kemper v. Louisville, 14 Bush, 90.

2. But whatever may have been the law prior to 1891 the provisions of section 242 of our present Constitution that municipal and other corporations and individuals who take private property for public use shall make just compensation for property taken, injured or destroyed by them is conclusive. Dillon on Municipal Corporations, sec. 990, 4th ed.; Chicago v. Taylor, 125 United States, 161; Sheehy v. Kansas City Cable Railroad Co., 7 S. W. Rep., 579; O'Bryan v. Philadelphia, 30 Amer. State Reports, 832; Johnson v. City of Parkersburg, 16 W. Va., 402 (37 Am. Reports, 779.).

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The appellee brought suit against the city of Henderson, alleging that she was the owner of a lot of land fronting on Center street, and had easy and free access to and use of that street in going to and from her residence; that the appellant, in pursuance of an ordinance of its common council, caused the street to be excavated in front of and adjoining her property, up to the line thereof, to such an extent and depth as to ruin her fence and enclosure, wholly destroying her access to and use of the street, leaving the surface of her lot from eight to ten feet above the street and side-

walk, and the entrance to her dwelling barred by a high,. perpendicular bank, so that her only ingress and egress is by an alley; that the dwelling is so situated upon the lot that the lot can not be graded so as to give access to the street,. and that to protect the lot from constant caving, which would finally destroy the house, would require the construc-- tion of a wall along its whole front, at great expense;. that by notice to the city, delivered to its mayor, she objected to and protested against the excavation before it was made, and gave notice that she would be damaged thereby and would seek to hold the city responsible.

A demurrer to the petition was sustained and an amend ment filed, which, after the answer was filed and a reply thereto, was withdrawn by the appellee, and the appellant thereupon withdrew its answer and moved to dismiss the petition. The order sustaining the demurrer was set aside and the demurrer overruled. Appellant then filed its answer, and a trial was had which resulted in a verdict for appellee. As there is no bill of exceptions, and as the record does not show that the instructions were objected to, the only question presented to this court is the sufficiency of the petition.

Without determining the question whether this petition presents a case of partial destruction of the property by the city, amounting to an invasion of private rights within the rule in the cases of the City of Louisville v. Louisville Roll- ing Mill Co., 3 Bush, 424, and Kemper v. City of Louisville, 14 Bush, 90, we shall consider whether the rule of Wolfe v. Covington & Lexington R. R. Co., 15 B. Mon., 404; Keasey v. City of Louisville, 4 Dana, 154; L. & F. R. R. Co. v.

Brown, 17 B. Mon., 763, and N. & C. Bridge Co. v. Foot, 9 Bush, 264, that a municipal corporation has authority to grade or regrade a street for a public purpose, without incurring responsibility to the owners of abutting lots, although the street might be raised several feet above the level of the lot, and that the citizen must submit to such incidental disadvantages as resulted therefrom, has been altered by section 242 of the present Constitution.

The general rule was, as stated in Dillon's Municipal Corporations, section 990, that "municipal corporations, acting under authority conferred by the legislature to make and repair, or to grade, level and improve streets, if they keep within the limits of the street and do not trespass upon or invade private property, and exercise reasonable care and skill in the performance of the work resolved upon, are not answerable to the adjoining owner, whose lands are not actually taken, trespassed upon or invaded for consequential damages to his premises unless there is a provision in the Constitution of the State, in the charter of the corporation, or in some statute, creating the liability."

The Constitution of 1850 provided in section 14 of the Bill of Rights that no "man's property be taken or applied to public use without the consent of his representatives, and without just compensation being previously made to him."

The present Constitution, in addition to the section just quoted, which is contained in section 13 of the Bill of Rights, provides in section 242: "Municipal and other corporations, and individuals invested with the privilege of taking private property for public use, shall make just compensa-

City of Henderson v. McClain.

tion for property taken, injured or destroyed by them, which compensation shall be paid before such taking, or paid or secured, at the election of such corporation or individual, before such injury or destruction."

The adoption of this section, in addition to the provisions of section 13, in our view undoubtedly indicated an intention to change the organic law of the State, and to abolish the requirement of direct physical injury to the property in order to establish a claim for damages. The language used is that municipal corporations shall make just compensation for property taken, injured or destroyed by them. The city undoubtedly has the right to take private property, having the right of eminent domain. It also has the undoubted right to improve the streets for the public use, in proper manner, when thereto authorized by legislative authority. If, however, in making the improvement it takes, injures or destroys private property, compensation must be made unless consent has been given.

This exact question appears to have been decided in several of the States in which new Constitutions containing similar provisions have been adopted in recent years. In Illinois the old Constitution contained a provision similar to that contained in section 13 of our Constitution. By the Constitution of 1870 the provision was made to read: "Private property shall not be taken or damaged for public use, without just compensation;" and, while the rule under the former Constitution had been held as in the section quoted above from Dillon, it has been held in numerous cases that the new rule introduced by the present Constitution required compensation in all cases where it appears "there-

has been some physical disturbance of a right, either public or private, which the plaintiff enjoys in connection with his property, and which gives to it an additional value, and that by reason of such disturbance he has sustained a special damage, with respect to his property, in excess of that sustained by the public generally." (Rigney v. Chicago, 102 Ill., 64). It was there held "that the introduction of that word (damage), so far from being superfluous or accidental, indicated a deliberate purpose to make a change in the organic law of the State, and abolished the old test of direct physical injury to the corpus or subject of the property affected."

This doctrine was approved by the Supreme Court of the United States, in an opinion delivered by Mr. Justice Harlan, in the case of Chicago v. Taylor, 125 U. S., 162. Referring to the Rigney case, he said: "The conclusion there reached was, that under this constitutional provision a recovery may be had in all cases where private property has sustained a substantial damage by the making and using an improvement that is public in its character—that it does not require that the damage shall be caused by a trespass or an actual physical invasion of the owner's real estate, but if the construction and operation of the railroad or other improvement is the cause of the damage, though consequential, the party may recover. We regard that case as conclusive of this question. The case of Pittsburg & Fort Wayne R. R. Co. v. Reich, 101 Ills., 157, is in point on this question of damages, and the case of City of Chicago v. Union Building Association, 102 Ills., 379, also reviews the authorities and approves the doctrine in Rigney v. Chicago, supra."

In Missouri a similar constitutional provision has been adopted, and a similar construction given. (Seehy v. Kan. City Cable Railway, 94 Mo., 574.)

In Pennsylvania a constitutional provision was adopted in 1874 exactly similar to section 242 of our Constitution, which has been construed in New Brighton Bor. v. Peirsol, 107 Pa. State, 280, as the provision of the Illinois Constitution. In a number of other States, which have adopted the same or similar constitutional provisions, the courts have gone as far or further than the Illino's courts in permitting recovery for consequential damages in such cases. (Dillon's Municipal Corporations, 4th ed., sections 990 to 995a, inclusive, and notes.)

We conclude that under the averments of the petition in this case, admitted by the demurrer to be true, there was a right of recovery. But it is argued on behalf of appellant that there is no legal right or equity in a person who dedicates land for street purposes, or in his assignee, to compensation for the original establishment of a grade line and the reduction of the natural surface of the street for street purposes to such line, for the reason that, when dedicated unconditionally, the dedicator must be supposed to have contemplated and consented that a grade should be established and the inequalities of the surface brought to some proper level, and to have embraced in his grant or dedication the right to establish such a grade. This question, however, is not presented by the record. If the law be that consequential damages are not recoverable for the original establishment of the grade of a street which has been dedicated (and this question is expressly not here decided), the

fact that such establishment is original is matter of defense, and such fact does not appear in this record. It is further urged that certain averments of the answer pleaded as an estoppel are undenied by any reply. It is not necessary to consider the sufficiency of the averments, if they have been denied, as the evidence has not been brought to this court. To the answer originally filed a reply was filed controverting the affirmative averments. After the amended petition was withdrawn the answer was also withdrawn by appellant, in order to insist upon a motion for a judgment dismissing the petition. This motion being overruled, and the order sustaining the demurrer having been set aside, the same answer, or a copy of it, was again filed, and it is now contended that those averments are undenied. We do not concur in this contention. While they were a part of the record the averments were traversed, and the fact that they were withdrawn and again filed does not render a second traverse necessary.

A further contention is that appellee lost her right to compensation by not instituting a suit for an injunction to prevent the injury to her property until the damages to result therefrom had been estimated and paid her. But in response to this it is sufficient to say that the inhibition of the Constitution is not against the citizen, but against the municipality, and forbids the latter from taking, injuring or destroying property, without previously making compensation therefor. To say that the citizen's right of recovery was barred because the municipality failed to perform its duty would be to permit it to take advantage of its own wrong.

For the reasons given, the judgment is affirmed.