CASE 43—ACTION BY MAGGIE BRAMLETTE AGAINST THE L. & N. R. R.
Co. TO RECOVER DAMAGES FOR INJURY TO PROPERTY.

# Bramlette v. L. & N. R. R. Co.

### APPEAL FROM HARDIN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

RAILROADS—INJURY FROM PRUDENT OPERATION OF STOCK PENS—RES
JUDICATA.

Held: 1. Under Const., section 242, providing that corporations
and individuals invested with the privilege of taking private
property for public use shall make just compensation for prop-
erty taken, injured, or destroyed by them, a railroad company,
though bound by law to furnish suitable stock pens, is liable for
injuries to adjacent property resulting from the construction and
operation of such pens, though it has been guilty of no negli-
gence whatever.

2. A judgment for plaintiff in an action against a railroad company
to recover damages for injuries resulting solely from the negli-
gent construction and operation of stock pens is not a bar to a
subsequent action by plaintiff to recover damages for the per-
manent depreciation in value of his property resulting from the
prudent construction and operation of such pens.

3. The fact that it appears from plaintiff's petition in an action to
recover damages for the permanent depreciation in value of his
property from the prudent construction and operation of stock
pens that there was a judgment for him in a former action to re-
cover damages for injuries "in consequence of said pens" and
their condition prior to a certain date, does not render the peti-
tion bad on demurrer, as defendant must, if the question of
permanent depreciation in value necessarily resulting from pru-
dent construction and operation was involved in the former lit-
igation, affirmatively show that fact by way of defense, it not
appearing from the petition.

S. M. PAYTON AND W. A. BARRY, ATTORNEYS FOR APPELLANT.

This action was brought by Mrs. Maggie Bramlette against the
appellee for damages suffered by her in consequence of the build-
ing of a new stock pen near her residence for the reception and
detention of live stock placed therein for shipment on appellee's
railroad.

Bramlette v. L. & N. R. R. Co.

The petition contains two paragraphs, the first claiming damages for the depreciation of her property by reason of the building and maintaining of said stock pen so near to her house, and the second paragraph claims damages in consequence of offensive odors arising from said pens and the noise from the lowing of cattle, bleating of sheep, squealing of hogs and wafting of dust and filth into her house stirred up by said stock.

The court sustained a demurrer to the first paragraph of the petition, and dismissed same, and of this ruling the appellant complains.

Our contention is that under sections 13 and 242, of the Kentucky Constitution, the appellee had no right to build a stock pen within twenty-five feet of the appellant's residence without making compensation to her for the damages which would necessarily result to her property by reason of the discomfort, inconvenience, and annoyance that would unavoidably result to her family and home by such a structure.

We claim that the building of these pens so near to her house is *prima facie*, a nuisance, if maintained and used for that purpose, and will necessarily depreciate the value of her property as a home.

### AUTHORITIES CITED.

Constitution of Kentucky, secs. 13 and 242; Asher v. L. & N. R. R. Co., 87 Ky., 393; Stith v. L. & N. R. R. Co., 22 R., 653; L. & N. R. R. Co. v. Brenton, 22 R., 664; Coker v. Berge, 9 Ga., 425; Grady v. Wolsner, 46 Ala., 381; (Am. Rep., 593) Walte v. Selfe, 4 De G. & Sm., 315; Crump v. Lambert, L. R., 3 Eq., 409; (Am. & Eng. Ency. of Law, vol. 16, p. 925, also pp. 944, 945, 986, 987, 988 and 1001), Webbs Pollock on Torts, 495; Sefried v. Hays, &c., 81 Ky., 377-384; Davis v. Sawyer, 133 Mass., 289; (43 Am. Rep., 519) Dargan v. Waddell, 9 Wed. N. C., 244 (9 Am. Dec., 421) Bishop v. Banks, 33 Conn., 121 (87 Am. Dec., 197) Wiley, &c., v. Elwood, 134 Ill., 281, (25 N. E. Rep., 570) London, Brighton and South Coast Ry. Co. v. Truman, 25 Am. & Eng. Ry. Cases, 116; Ford v. Metropolitan Dist. Ry. Co., 25 Am. & Eng. Ry. Cases, 188; 10 Bush, 392; 26 Am. & Eng. Ry. Cases 559; 20 Am. & Eng. Ry. Cases, 256; 122 N. Y., p. 18, 25 N. E. Rep., 346; Fluet v. Hollenkamp, 13 B. Mon., 213; Shearman & Redfield on Negligence, sec. 29.

EDWARD W. HINES, ATTORNEY FOR APPELLEE.

### POINTS AND CITATIONS.

1. The former judgment is a bar to a recovery of damages for injury resulting from the prudent operation of the pens.

After suing and recovering damages for *negligence* in maintaining the pens, plaintiff can not recover damages for the act of maintaining them. Covington, &c. R. Co. v. Kleimeier, 20 · Rep., 1415; Elizabethtown, &c. R. R. Co. v. Combs, 10 Bush, 382; L. & N. R. R. Co. v. Orr, 91 Ky., 109; Hughes, &c. v. General Electric Light & Power Co., 21 Rep., 1202; L. & N. R. R. Co. v. Cornelius, 64 S. W., 732.

2. Plaintiff did not seek by her petition to recover damages for injury resulting from the *prudent* operation of the pens, and therefore even if there could otherwise be a recovery on that account, she can not complain that the court by its instructions allowed a recovery only for *negligent* operation.

3. There was no error in the instructions as to measure of damages.

4. As the jury found that defendant was not negligent, the error, if any, in sustaining a demurrer to the first paragraph of the petition seeking to recover damages for depreciation in value of plaintiff's property was harmless. And for the same reason any error there may have been in the instructions as to the measure of damages was harmless.

5. Plaintiff can not complain of the refusal to give instructions which the bill of exceptions states were asked by *the defendant*.

W. H. MARRIOTT, ATTORNEY FOR APPELLEE.

### AUTHORITIES CITED.

It was the duty of appellee to construct and maintain suitable stock pens at Sonora. See Elliott on Railroads, p. 2409.

The location of the stock pens adjacent to plaintiff's property gave her no cause of action. Elliott on Railroads, p. 1036; Pierce on Railroads, 210; State v. L. N. A. & C. R. R. Co., 10 Amer. & Eng. R. R. Cases, 288; Hortman v. L. & C. R. R. Co., 18 B. Monroe, 222; L. B. & S. C. Railway Co. v. Teuman, *et al.*, 25 Amer. & Eng R. R. Cases, 122.

The verdict of the jury was sustained by the overwhelming preponderance of the evidence.

The instructions given by the court are correct in themselves, but if the plaintiff desired any modification of them, she should have asked for it. The court is not required to give an instruction unless it is asked for.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

The appellant, Maggie Bramlette, brought this suit against the appellee, the Louisville & Nashville Railroad Company, to recover damages for the erection and negligent

maintenance of live-stock pens near her residence at Sonora, in Hardin county, Ky. Her petition is in two paragraphs. In the first she alleged that she was the owner of a lot containing one-fourth of an acre of ground adjacent to the defendant's right of way, on which she resided with her family; and that the defendant was the owner of a lot of about the same size adjacent to hers, on which they had erected stock pens and chutes, and which are used for the reception, detention, loading, and unloading of live stock, and which were continually filled with cattle, sheep, and hogs; and that, in consequence of the close proximity of these pens to her residence, the atmosphere was polluted, and her house rendered uncomfortable, and unfit for a residence, and that in consequence thereof it has been injured in the sum of $500. In the second paragraph of her petition she alleges that since the 21st of May, 1900, the defendant has permitted excrement, urine, and other filth discharged by the live stock confined in these pens to remain there, and that offensive and deleterious odors had arisen therefrom, and polluted the atmosphere in and around her home to such an extent that she could not sleep at night, and that her health had been seriously impaired and injured thereby; and on this account she asked damages in the sum of $3,000. A general demurrer was sustained to the first paragraph of the petition, and a traverse filed to the second, and a jury trial resulted in a verdict and judgment for the defendant, and plaintiff has appealed from the action of the trial court in sustaining a demurrer to the first paragraph of her petition, and also from the judgment based upon the verdict of the jury as to the second paragraph.

This court, in frequent adjudications since the adoption of our present Constitution, has held that under section 242 a recovery might be had in all cases where private

property had sustained substantial damage by the construction and operation of a railroad or other improvement, public in character, and that it was not necessary to recovery that the damage should be caused by a trespass or other actual physical invasion of such real estate. See city of Henderson v. McClain, 102 Ky., 402 (19 R., 1450), (43 S. W., 700); City of Ludlow v. Detweiler, 20 R., 894 (47 S. W., 881). And the fact that a railroad is bound by law to furnish suitable stock pens and other facilities for loading and unloading stock does not of itself exonerate it from liability for injuries to adjacent property, which is the result of the prudent construction and operation of such pens. Counsel for appellee call our attention to the following averment contained in the first paragraph of appellant's petition: "Prior to May 21, 1900, she brought an action for injury to her property by the defendant on account of the filthy condition of their pens prior to May 21, 1900, but before doing so she give defendant written notice to remove said pens and abate the nuisance thereof; but she says that no evidence was allowed to be received on the trial of said action as to the injury to her property by defendant in consequence of said pens and their condition prior to May 21, 1900, and no recovery was allowed in said action, or in any action, for injury to her said property by defendant in consequence of said pens, or the manner in which they were kept, and she has never at any time had any recovery for the damage to her property by the defendant in consequence of said pens or their condition,"—and very earnestly insist that, as they are required by law to maintain these pens for the use of the public, and they are permanent in character, it was the duty of appellant to have embraced this alleged injury in the former suit instituted by her against the defendant, as a party should not be permitted to split a cause

of action and sue upon one part at one time and the re-
mainder at another. There are two classes of actions for
damages against railroad companies,—one for permanent
injuries, within the meaning of section 242 of the Constitu-
tion, and the other for injuries which result from mere
negligence. The claim in such cases is in the nature of a
tort, and may be brought at any time for injuries temporary
in their character which result from either neglect or de-
sign; and the fact that appellant may have, previous to the
institution of this suit, instituted an action against the de-
fendants for negligently suffering their pens to become
filthy to such an extent as to interfere with the use and oc-
cupancy of her residence would not estop her from the main-
tenance of a suit for permanent depreciation in the value of
her property which necessarily resulted from the proper
construction and operation of stock pens. Of course, if this
question was involved in the former litigation, it would be
a bar to the institution of any suit based upon this claim.
We are, however, unable to determine this fact from the
allegation of the petition referred to. This would be a
matter of defense. It is also claimed by appellee that the
averments of the first paragraph only amounted to a claim
for negligently and carelessly permitting offensive matter
to accumulate in the stock pens and pollute the atmosphere.
But when we strip the first paragraph of the petition of the
verbiage with which it is encumbered, it amounts to claim
for depreciation for value to the real estate, necessarily re-
sulting from the construction and operation of the stock
pens, whether they are kept in good condition or not. In
the trial based upon the averments of the second paragraph
of the answer, in which the defendant was charged with
having permitted the premises to become offensive by

negligently failing to remove the filth caused by stock con-
fined therein, we perceive no error. The instruction fairly
presented the law to the jury, and the verdict was abun-
dantly supported by the proof. But for the error of the trial
court in sustaining the demurrer to the first paragraph of
the petition the judgment is reversed, and cause remanded
for a new trial as to the cause of action stated in that
paragraph.