## City of Louisville v. Sauter.

## City of Louisville v. Yantz, et al.

(Decided October 9, 1912.)

Appeals from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Municipal Corporations—Streets—Original Establishment of Grade—Section 242, Constitution—Negligent Construction—Liability.—In the absence of evidence showing that the municipal authorities acted corruptly or in bad faith, the city is not liable for consequential damages growing out of the original establishment of the grade of the street, but such damages may be recovered for the negligent construction of the street upon the grade so established.

2. Measure of Damages.—Where the injury or nuisance complained of is permanent, the measure of recovery is the diminution in the market value of the property, and one recovery must suffice. If the nuisance is temporary; that is, such as can be readily abated at a reasonable expense, the measure of damages is the diminution in the rental value of the property, if rented, or if it be occupied by the owner, the diminution in the value of the use of the property during the continuance of the nuisance.

LEON P. LEWIS, CLAYTON B. BLAKEY and HUSTON QUINN for appellant.

WALLACE A. McKAY and O'DOHERTY & YONTS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

These two appeals, involving the same questions, will be considered in one opinion. Appellees, Henry Sauter and Charles Yantz, plaintiffs below, are the

owners of adjacent property on the northeast side of
Samuel street, between Boyle and Dandridge streets.
They brought this action against the city of Louisville
to recover damages alleged to have resulted from the
negligent establishment of the grade of Samuel street,
and the negligent construction of the street upon the
established grade. The jury returned a verdict in
favor of Henry Sauter for $350 and in favor of Charles
Yantz for $600. The city of Louisville appeals.

The evidence for appellees is to the effect that the
grade established by the city necessitated the cutting
down of appellees' property a distance of from four to
five feet, thus leaving their property so high above the
street when constructed that ingress and egress were
practically impossible. Three reputable engineers tes-
tified that the grade of the street as fixed by the engi-
neering department of the city was not in accordance
with the principles of scientific engineering, but was a
very careless piece of engineering work; that instead
of making a regular natural decline from the highest
point on Samuel street at Dandridge street, to the low-
est point on Boyle street, the city actually made a large
dip, or depression, in the street near the center of the
square, and immediately in front of the property of
appellees. This dip, or depression, resulted in bring-
ing to and holding at this point an unusual and large
quantity of water and mud and slush from the sur-
rounding country, which caused a pond to form in front
of appellees' property, and to remain there during cer-
tain parts of the winter seasons, from the time this
grade was made, up to the time of the trial. This con-
dition also interferred with appellees in the use of the
street in coming to and going from their property.
About the time the street was constructed, a fifteen
inch sewer was installed with two catch basins at the
low point of the street, connected with the Boyle street
sewer. The evidence for appellees shows that at vari-
ous times the catch basins became clogged with mud,
and were not sufficient to carry off water that was
drained from surrounding territories. The evidence
for appellant is to the effect that in establishing the
grade, it was necessary to establish it at a point that
would do the least damage to the property on both
sides of the street. Had a higher grade been estab-
lished, it would have left the property on the southwest

side of the street lower than the grade line. Therefore, it was better engineering to establish a lower grade. There was also evidence to the effect that the sidewalks had never been constructed, and that the water washed a great deal of mud and dirt into the street, which condition would no longer continue when the property adjacent was properly graded and the sidewalks were properly constructed. It was further shown that when there were very heavy rains, the catch basins would become clogged up, and that the city, on two or three occasions, sent men there to relieve this condition.

The trial court submitted the case to the jury upon two propositions; first, the negligent establishment of the grade, second, the failure of the city to construct a sewer and catch basins reasonably adequate to carry off the ordinary rainfall that might reasonably be expected to drain into them. Counsel for appellees claim that damages for the negligent establishment of the grade are clearly recoverable under section 242 of the Constitution, and the interpretation placed thereon in City of Henderson v. McClain, 102 Ky., 402. There the court announced the general doctrine that section 242 of the Constitution abolishes the requirement of direct physical injury in order to establish a claim for damages; that a city has the undoubted right to improve the streets for public use in a proper manner, but if in making the improvements, it takes, injures or destroys private property, compensation must be made unless consent has been given. However, the court in that case expressly declined to pass on the question whether or not the property holder on a dedicated street could recover consequential damages for the original establishment of the grade. The court said:

"This question, however, is not presented by the record. If the law be that consequential damages are not recoverable for the original establishment of the grade of a street which has been dedicated (and this question is expressly not here decided) the fact that such establishment is original is a matter of defense, and such fact does not appear in this record."

In City of Owensboro v. Hope, 128 Ky., 524, which was an action for the recovery of damages alleged to have been sustained by the lowering of the established grade in constructing a macadam roadway opposite plaintiff's property, this court said:

"A city authorized to establish, grade and regrade the streets within its territory assumes a certain public duty with respect to these highways. Its judgment or discretion as to the time when and as to the manner in which the highway shall be improved is generally beyond review, and absolutely so unless in the plan or manner of making or maintaining the improvements it acts with culpable negligence. When a strip of land is dedicated, or is acquired by condemnation, for the purpose of a highway, it is implied that it may be graded so far as may be necessary to fit it for the purposes for which it was set apart; and in either case, it will be presumed that the dedicator, or the jury in awarding compensation under the writ of ad quod damnum, have estimated the inconvenience of the owner and injury to his remaining property likely to ensue from the necessary and proper grading of the surface. And, until the municipality had once exercised its right to grade the street, the adjacent lot owners have notice that its surface is subject to such change as the municipality may order in the fair exercise of its discretion when it sees proper to improve the highway."

Again the court said:

"We hold that for such consequential damages as result to the adjacent lot because of the original construction of the street's grade, when done not negligently, the lot owner is not entitled to recover from the city, the street having been previously dedicated or acquired by the city for that purpose."

It will be observed that the court makes a distinction between the discretion vested in a municipality with reference to the original establishment of a grade, and the plan or manner of making the improvements. The words "culpable negligence," as used in the opinion apply only to the plan or manner of making or maintaining the improvements. The same distinction is recognized in the use of the words "original construction of the street's grade when done not negligently." In other words, while the city is vested, so long as its officers do not act corruptly or in bad faith, with absolute discretion with regard to the establishment of a grade, it cannot, after the grade has been established, negligently construct a street on the established grade. This interpretation was placed upon the scope and ex-

tent of the opinion in City of Owensboro v. Hope, supra, by this court in the case of City of Owensboro v. Singleton, 111 S. W., 284, where the court said:

"In City of Owensboro v. Hope (Ky.), 108 S. W., 873, it was held that a lot owner was not entitled to recover from the city for damages to his lot because of the original grading of the street, where the grade has not heretofore been fixed, as the grade of the streets must be presumed to have been taken into consideration when the land was dedicated or acquired by condemnation."

And in the more recent case of Philpot v. Town of Tompkinsville, 148 Ky., 511, the court said:

"The rule is that the city may establish the grade of a street, and that damages resulting from the establishment of the grade are presumed to be within the contemplation of the parties, when the land was dedicated, so that no recovery can be had therefor against the city. City of Owensboro v. Hope, 128 Ky., 524; City of Owensboro v. Singleton, 111 S. W., 284."

In the instant case, it is admitted that the grade of which complaint was made is the original grade established by the city. That being true, and there being no evidence of corruption or bad faith on the part of the engineering department of the city of Louisville, it follows that appellees are not entitled to recover any consequential damages growing out of the establishment of the grade. However, they are entitled to recover for any damages growing out of the negligent construction of the street. Upon a return of the case the court will submit the question of damages upon this phase alone, and at the same time will submit to the jury the question whether or not the condition and injury complained of are temporary; that is, such as can be readily remedied at a reasonable expense, or are of a permanent character; and will direct the jury to say in its verdict whether or not the injury is temporary or permanent. If the injury be temporary, the measure of damages is the diminution in the rental value of the property, if it is rented, or if occupied by the owner, the diminution in value in the use of the property during the continuance of the injury. If the injury be permanent, the measure of damages is the diminution in market value of the property, and one recovery must suffice. Central Consumers Co. v. Pin-

kert, 122 Ky., 720; Pickerill v. City of Louisville, 125 Ky., 213; City of Madisonville v. Hardman, 29 Ky. L. Rep., 253, 92 S. W., 930; City of Louisville v. Colburn, 108 Ky., 420, 56 S. W., 681; Hutchinson v. City of Maysville, 30 Ky. L. Rep., 1173; Ewing, et al. v. City of Louisville, 140 Ky., 726.

For the reasons indicated, judgment reversed and cause remanded for new trial consistent with this opinion.