## O'Gara, et al. v. City of Dayton.

### (Decided May 4, 1917.)

### Appeal from Campbell Circuit Court.

Municipal Corporations—Construction of Sewers—Negligence of Employes—Liability—Eminent Domain—Governmental Function.— Under Constitution, section 242, requiring municipal corporations invested with the privilege of taking private property for public use to make compensation for property .taken, injured or destroyed, a city is liable for the negligence of its employes in permitting an excavation for a sewer in the public street to remain open, unfilled and unprotected for an unnecessary and dangerous legnth of time, and thereby causing the ground of an abutting property owner to slide into the trench and injure his premises; and such liability is not affected by the fact that the city at the time was engaged in the performance of a governmental function.

HUBBARD SCHWARTZ for appellants.

E. E. KELLY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiffs, Sadie O'Gara and her husband, M. J. O'Gara, brought this suit against the city of Dayton to recover damages for injuries to their property, alleged to have been caused by the negligent construction of a sewer in the street on which their property fronts. The city's demurrer to the petition was sustained, and the petition dismissed. Plaintiffs appeal.

It appears from the petition that Sadie O'Gara is the owner of a house and lot on Terrace Avenue, a public street of the city of· Dayton. By ordinance duly adopted, the city council ordered the construction of a

sewer along Terrace Avenue and in front of Mrs. O'Gara's property. The ordinance provided that all work done in the construction of the sewer should be subject to the inspection, approval and direction of the Street and Improvement Committee of the Board of Council and the civil engineer of the city. Upon the adoption of the ordinance, the city entered into a contract with Edward Mauget, doing business as the Dayton Plumbing Company, to do the work in accordance with the ordinance and the plans and specifications adopted by the council. It is charged, in substance, that the contractor, in carrying out the contract, with gross negligence and carelessness dug a deep and wide trench in Terrace Avenue in front of Mrs. O'Gara's property, and permitted said trench to remain open, unfilled and unprotected for an unnecessary and dangerous length of time, thereby causing the ground between the trench and plaintiff's house to slip and slide into the trench and from under the foundation of said house, and further causing the foundation to give way, the front part of the house to sink, the walls to crack, the roof to leak and the porch to be pulled loose from its fastenings. It is further alleged that the contractor knew, or by the exercise of ordinary care could have known, that the excavation of the trench in the manner indicated, and permitting it to remain open, unfilled and unprotected, would cause the ground and foundation to slip and thereby injure plaintiff's property. The petition contains the further allegation that the city, through its Street and Improvement Committee and civil engineer, was guilty of gross negligence in failing to properly inspect and direct the digging of the trench, and also in approving its construction in a negligent manner and in permitting it to remain open, unfilled and unprotected for an unnecessary and dangerous length of time.

The demurrer was sustained on the ground that the city in constructing the sewer, was engaged in the performance of a governmental function, and was not, therefore, liable for injuries resulting from the negligence of its servants.

It may be conceded that it is the established law of this state that a city is not liable for personal injuries caused by the negligence of its servants engaged in the discharge of a governmental function. Twyman v. Frankfort, 117 Ky. 518, 78 S. W. 446, 25 R. 1620, 64 L.

R. A. 572, 4 Ann Cas. 622; Kippes v. Louisville, 140 Ky. 423, 131 S. W. 184, 30 L. R. A. (N. S.) 1161; City of Bowling Green v. Rogers, 142 Ky. 559, 134 S. W. 921, 34 L. R. A. (N. S.) 461; Allison v. Cash, 143 Ky. 679, 137 S. W. 245; Smith v. Commissioners of Sewerage, 146 Ky. 562, 143 S. W. 3, 38 L. R. A. (N. S.) 151. This principle, however, has no application to the facts of this case. It is controlled by section 242 of the constitution, which is as follows:

"Municipal and other corporations, and individuals invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured or destroyed by them, which compensation shall be paid before such taking, or paid or secured at the election of such corporations or individuals, before such injury or destruction."

Under this section, a city cannot take, injure or destroy the private property of a citizen without making just compensation therefor, and the mere fact that the property is injured while the city is engaged in the performance of a governmental function is wholly immaterial. We have frequently recognized the right of a property holder to recover damages for an injury to his property, caused by the negligent maintenance of a sewer, and we are unable to perceive any reasonable ground for distinction between an injury caused by negligent maintenance and an injury caused by the negligent manner in which the sewer is constructed. Toebbe v. City of Covington, 145 Ky. 763, 141 S. W. 421; City of Maysville v. Brooks, 145 Ky. 526, 140 S. W. 665; Pickerill v. City of Louisville, 125 Ky. 213, 100 S. W. 873; Louisville v. Norris, 111 Ky. 903, 64 S. W. 958, 98 Am. St. Rep. 437. Indeed, the authorities generally recognize the rule that the corporation is responsible in a civil action for damages caused by the carelessness and unskillful manner of performing the work. Keithsburg v. Simpson, 70 Ill. App. 467; King v. Kansas City, 58 Kansas 334; Googin v. Lewiston, 103 Me. 119; Ashley v. Port Huron, 35 Mich. 296.

But it remains to determine whether the injury to plaintiff's land was an injury within the meaning of the constitutional provision. In the case of the City of Henderson v. McClain, 102 Ky. 402, 43 S. W. 700, it was held that the common law rule that municipal corporations having authority to make public improvements are

not liable, except in case of actual trespass or invasion of private property, was changed by the constitution, and consequential damages not resulting from trespass or actual invasion may be recovered. In that case the city caused the street to be excavated in front of plaintiff's property, thereby leaving the surface of her lot from 8 to 10 feet above the street and sidewalk and the entrance to her dwelling barred by a high, perpendicular bank, and leaving the dwelling so situated that to protect the lot from constant caving, which would finally destroy the house, it would be necessary to construct a wall along its entire front, at a great expense. A recovery for these injuries was authorized. It has also been held that, although consequential damages growing out of the original establishment of the grade of a street may not be recovered, such damages may be recovered not only for the negligent construction of the street upon the original grade, but also for any subsequent change in the grade. City of Owensboro v. Hope, 128 Ky. 524, 108 S. W. 873, 15 L. R. A. (N. S.) 996; City of Owensboro v. Singleton, 111 S. W. 284; Philpot v. Town of Tompkinsville, 148 Ky. 511, 146 S. W. 1093; City of Louisville v. Sauter, 149 Ky. 725, 149 S. W. 1029; City of Henderson v. Winstead, 109 Ky. 328, 58 S. W. 777. This principle was held to apply to injuries growing out of the construction of a railroad track on a rock wall 8 feet wide and 15 feet above the grade of the street. Louisville & Nashville R. R. Co. v. Cumnock, 25 R. 1330, 77 S. W. 933. While there is authority that the abutting owner has, as against a city, no right to the lateral support of the soil of the street, and can acquire none from prescription or lapse of time, and if the city grades its streets so close to his line as to cause his earth or fences or improvements to fall it is not liable in damages, the cases announcing the rule arose under the common law and not under constitutional provisions such as ours, and some of them recognize a liability on the part of the city where the work of grading or excavation is not done with ordinary care and skill. Rome v. Omberg, 28 Ga. 46; Quincy v. Jones, 76 Ill. 231; Hall v. Briston, L. R., 2 C. P. 322; Wright v. Wilmington, 92 N. Car. 156. Since, under our constitution, the injury does not have to result from a direct trespass or invasion of private property, we conclude that the injury in this case is one for which compensation

should be made by the city. The case of T. B. Jones & Co. v. Ferro Concrete Const. Co., 154 Ky. 47, 156 S. W. 1060, does not announce a contrary rule. There Jones & Company and the Ferro Concrete Const. Company were engaged in constructing different sections of the sewer system of Louisville. The work that was done by Jones & Company was injured by the alleged negligence of the Ferro Concrete Const. Company, and it was sought to hold the city liable for the resulting damage. It was held that section 242 of the constitution had reference only to property which could be taken under the power of eminent domain, and as the injured work was not such property as was, or could be, taken under that power, the constitutional provision did not apply, and, for this reason, the case was controlled by the general rule that the city is not liable for the negligence of its servants in the discharge of its governmental functions. Here, however, the injured property is not public work, but real estate adjoining the improvement, and, therefore, property which could be taken under the power of eminent domain.

It follows that the demurrer to the petition should have been overruled.

Judgment reversed and cause remanded for proceedings consistent with this opinion.