## Wilson v. City of Eminence.

(Decided February 27, 1923.)

### Appeal from Henry Circuit Court.

Waters and Water Courses—Measure of Damage for Flooding Lot by Raising Street Grade Stated.—In an action for damages to plaintiff's lot from flooding, caused by the raising of the street grade, the measure of recovery is the difference between the market value of the lot immediately before the street improvement was begun and its market value immediately after the improvement was completed, excluding any benefits that might have resulted to the property from the improvement, in view of Constitution, sections 13 and 242, but an instruction substantially stating the rule is sufficient, though it differs from that phraseology.

W. B. MOODY for appellant.

TURNER & TURNER and W. P. THORNE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellant, Dr. Wilson, brought this action against the city of Eminence to recover damages for overflow of his lawn and premises in that city caused, as alleged, by the city raising the grade of its street in front of his premises so as to cast the water from the street and land adjacent thereto on to appellant's property. A jury trial resulted in a verdict for the city, and Dr. Wilson appeals.

On his lot are two residences. Through the lot runs a stream of water, referred to as a branch. The whole of his lot, in so far as the evidence shows, is low. Adjacent to it is a hill or slight elevation. From time immemorial the water from the higher ground around his premises has been cast upon this lot. Some years ago his predecessor in title brought an action of this same na-

ture against the city for casting water on the same lot by raising the grade of the street, and recovered permanent damages. Since that time the city has again raised the grade of the street some six or eight inches. The grade of the street before it was last raised was much above the lot on which appellant Wilson lives, and cast water from the road on to his lot. The new street of which he now complains is built of concrete and asphalt, the base being concrete with shoulders or curbing on either side six or eight inches high. The roadway is covered with asphalt. No water whatever, according to the evidence, can pass from the road on to the property of appellant, there being drains to receive and carry off the said water. At any rate the curbing on either side of the highway prevents the water from flowing on to adjacent property. Between the curbing of the street and the sidewalk there is a space of three or four feet. The sidewalk is about five feet wide, but it was built by or at the direction or instance of appellant and upon a grade approved by appellant, and is his property. The water which fell on the roadway and upon the three foot space between the curbing of the street and the pavement as well as that which fell on the pavement has for many years flowed upon the lot now occupied by appellant. Giving consideration to all the evidence we must believe that the water which now flows on to appellant's lot is less than it was before the street was raised the last time. It would, therefore, appear that appellant failed in his evidence to support the averments of his petition.

Without holding that the evidence was insufficient to carry the case to the jury, we will examine the complaint made by appellant of the instructions given by the court to the jury, and rest our decision there. He insists that the instruction on the measure of damages was incorrect, and says the criterion of recovery is the difference between the market value of the property immediately before the street improvement was begun and its market value immediately after the improvement was completed, excluding any benefits that might have resulted to the property from the construction and improvement of the street in front of it, and relies upon sections 13 and 242 of our Constitution and the cases of Broadway Coal Mining Co. v. Smith, 136 Ky. 725; L. & N. R. R. Co. v. White Villa Club, 155 Ky. 452; City of Henderson v. McClain, 102 Ky. 402. We think appellant correctly

states the measure of damages to which he was entitled, if any, on account of the increased height of the embankment of the street, and we have examined the instruction given by the trial court on the measure of damages in this case and compared it with other similar cases, and find no substantial difference, although there is a difference in the phraseology. We are certain that the substantial rights of appellant were not prejudiced in any way by the giving of that instruction in the form employed by the trial court.

While appellant claims that the trial court allowed the introduction by the defendant of incompetent evidence and declined to allow appellant to introduce competent evidence, a careful review of the record before us fails to sustain his contentions.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.