## City of Hazard v. Combs.

(Decided April 30, 1929.)

J. K. POLK TURNER for appellant.

SAUFLEY & WARD for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The city of Hazard improved two streets abutting upon the property of Grace Combs, an infant. After the improvement was completed, this action was instituted to recover damages for injury to the abutting property. The basis of the action was threefold: It was alleged that the city, in constructing the streets, had appropriated a strip of ground 7 feet wide and 90 feet long, which was of the value of $900; that it had demolished a wall maintained along the lot, to the plaintiff's damage in the sum of $466, and had dumped dirt upon the property result-

ing in damages thereto amounting to $500. A trial resulted in a judgment in favor of the plaintiff for $1,000, to reverse which the city has prosecuted this appeal, complaining of the admission of incompetent evidence, of the instructions to the jury, and of excessive damages.

■ If the city appropriated any part of the land belonging to the appellee, it is liable to her for the fair and reasonable value of the land so appropriated. Constitution, sec. 242; City of Henderson v. McClain, 102 Ky. 402, 43 S. W. 700, 19 Ky. Law Rep. 1450, 39 L. R. A. 349; Pickerill v. City of Louisville, 125 Ky. 213, 100 S. W. 873, 30 Ky. Law Rep. 1239; City of Louisville v. Sauter, 149 Ky. 721, 149 S. W. 1029; Terhune v. Gorham, 225 Ky. 249, 8 S. W. (2d) 431; O'Gara v. City of Dayton, 175 Ky. 395, 194 S. W. 380, L. R. A. 1917E, 574.

The evidence for the plaintiff tended to show that a substantial strip of ground was taken by the city for use as a part of the street. It is not denied that some ground was taken, but the testimony for the city was to the effect that the strip taken was inconsequential. However that may be, the plaintiff is entitled to recover its value, to be ascertained as of the time of the appropriation. No competent evidence of the value of the strip of ground either as claimed by the plaintiff or as admitted by the city was offered. The burden is on the plaintiff to prove by competent evidence the value of the land taken. It may be proven as any other fact, and the opinions of qualified persons may be received as evidence. Sandy Valley & Elkhorn Railway Co. v. Bentley, 161 Ky. 555, 171 S. W. 178. Nothing was alleged or proven to indicate that the taking of the strip of ground along the side of the street inflicted any injury on the residue of the lot, and no question of consequential damage arises. The court should confine the testimony on this branch of the case to a valuation of the land taken, and should instruct the jury to find for the plaintiff the value, as defined by this court in condemnation cases, omitting any reference to incidental or consequential damages. Sandy Valley & Elkhorn Railway Co. v. Bentley, supra; Saulsberry v. Kentucky & West Virginia Power Co., 226 Ky. 75, 10 S. W. (2d) 451; David v. Louisville & Interurban Railroad Co., 158 Ky. 721, 166 S. W. 230.

■ It appears that the plaintiff had maintained a stone wall or fence along one side of her lot, and some part of it, at least, had been broken down by the city in

constructing the street. It may be that a portion of the wall extended upon the right of way of the city, and it might have required its removal, but the city was not authorized to destroy it. It was the duty of the city to restore the wall to the condition that prevailed before it was torn down by the city. If it failed to do so, the city was liable in damages, and the measure of recovery was the reasonable cost of restoration. Ben Gorham & Co. v. Carter, 228 Ky. 214, 14 S. W. (2d) 749. The testimony and the instructions upon this branch of the case should conform to the principle stated. The plaintiff failed to introduce any competent evidence as to the reasonable cost of restoring the wall to the condition it was in before the city disturbed it.

Plaintiff's father testified that he paid a certain sum to rebuild the wall, and, when asked whether that was the reasonable cost of doing such work, responded that he thought so, or he would not have paid it. Such testimony is not admissible. It fails to conform to the legal criterion. If the witness was familiar with the fair and reasonable cost of doing the work, he could testify to the facts, but he was not at liberty to impose upon the city any price that he might choose to pay. His daughter was an infant, and he had charge of this work for her. It may be that he can qualify and testify respecting the reasonableness of the cost. Witnesses may be found who can testify accurately as to the cost of such a simple construction as that involved here. In any event, the burden is upon the plaintiff to show how much of the wall requiring reconstruction was destroyed by the city and what would be the fair and reasonable cost for that part of the work.

■ One other element of damage claimed was that dirt had been piled on the plaintiff's lot. It is not clear whether the dirt was a portion of the fill which had to remain upon the lot or whether it was mere scattered debris which could be readily removed at slight expense. If the latter, the city was liable only for the reasonable cost of removing the dirt and thereby restoring the lot to the condition that prevailed prior to the trespass. Board of Council of Frankfort v. Hall, 227 Ky. 599, 13 S. W. (2d) 755.

The evidence was permitted to take a wide range, and proof was admitted as to the value of an old barn which had been removed from the lot. The evidence does not disclose how the dirt upon the lot could require the

removal of the barn. Upon another trial, the court will confine the proof to the injury alleged in the petition and instruct the jury to the effect that, if the city, without plaintiff's consent, cast dirt upon the lot, and thereby injured it, the jury should find for her such a sum in damages as will fairly and reasonably compensate for the cost of removing such dirt so as to restore the lot substantially to the condition that existed before the trespass was committed. On the other hand, if the proof should show that the dirt is a part of the fill, and required to remain upon the lot as a permanent support for the street, the plaintiff may be permitted to amend her petition to conform to the facts; and, in that event, the jury should be instructed in accordance with the law as to the measure of recovery applicable in situations of that character. City of Louisville v. Sauter, 149 Ky. 721, 149 S. W. 1029.

Since there may be another trial, we reserve all questions not expressly determined.

The judgment is reversed for a new trial consistent with this opinion.