## Kippes v. City of Louisville.

(Decided October 26, 1910.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

Streets—Sprinkling of Is a Public Duty.—A city is not liable for the negligent or tortious acts of its agents or employes while en-

gaged in sprinkling streets, as this is a public duty that the city performs in its governmental capacity.

JOSÉPH SOLINGER for appellant.

HUSTON QUINN and CLAYTON B. BLAKEY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, who was the plaintiff below, averred in a petition filed by her against the appellee to recover damages for personal injuries, that she was injured by the negligence and carelessness of the agents and employes of the city who were at the time engaged in flushing the streets with a hose that was in such an unsafe and defective condition that it burst and threw water upon her, thereby causing her to contract a severe cold that impaired her health.

In the third paragraph of its answer the appellee city alleged that the flusher referred to in the petition, and the other street flushers owned and operated by it, were used for the promotion and preservation of the health of the people of the city, and were necessary for this purpose, as well as for the comfort and safety of the general public. That at the time of the accident complained of the employes of the city, or one of its departments, in charge of the flusher, were engaged in flushing the streets of the city, and that for this service the city did not receive or charge any remuneration or profit, but did the work solely for the promotion of the health, safety and comfort of the inhabitants of the city and the general public; and that in using the flusher it was exercising a governmental function of the city.

To this paragraph a demurrer was interposed, and overruled, thereupon the plaintiff properly conceiving that the facts set out in this paragraph, if it presented a defense as the lower court ruled it did would defeat a recovery, elected to stand by her demurrer, and the petition was dismissed.

It will thus be seen that the only question presented is, whether or not the flushing of the streets of the city was a public duty undertaken by the city in the exercise of its governmental functions, for the benefit of its people and the public generally, or a service performed by the municipality for private or corporate purposes as distinct from its duty to the public generally.

It must be admitted that many of the distinctions that this court, as well as other courts of last resort have made between what are designated the public and private powers, duties and liabilities of municipal corporations, are difficult to understand. Nevertheless, the line of demarcation has been drawn with more or less precision, and it is generally ruled that service similar in purpose and effect to that the city was performing when the appellant was injured falls within what are called the public or governmental duties of a city. In fact we have expressly held that sprinkling the streets of a city is essential to the health, comfort and safety of its inhabitants as well as the public generally, who use its streets. Putting the service the agents of the city, or one of its departments, were performing at the time the plaintiff was injured, upon the ground mentioned, the decision of the lower court is supported by a number of opinions delivered by this court as well as the weight of authority in other jurisdictions. Having v. City of Covington, 25 Ky. Law Rep. 1617; Twyman v. Board of Council of the City of Frankfort, 117 Ky. 518; Board of Park Commissioners v. Printz, reported in 127 Ky. 470 (but cited by counsel for appellee as being in 32 Ky. Law Rep. 359); Maydwell v. City of Louisville, reported in 116 Ky. 885 (but cited by counsel for appellee as being in 25 R. 1062); Connolley v. Mayor of City of Nashville, 100 Tenn. 262.

Wherefore, the judgment of the lower court is affirmed.