## Board of Council of the City of Danville v. Fox.

(Decided February 28, 1911.)

### Appeal from Boyle Circuit Court.

Municipal Corporation—When not Liable for Negligence or Tort of Agents or Employes.—A city is not liable in damages for the negligence or tort of its employes or agents while they are engaged for it in the performance of a governmental or public duty, in the absence of a statute permitting such an action. The repair of

the streets of a city is a governmental service and the city is not liable for the negligence of its employes in charge of an engine and roller engaged in street work.

FOX & JACKSON for appellant.

ROBT. HARDING and J. W. RAWLINGS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

This appeal is prosecuted from a judgment of the Boyle circuit court in favor of the appellee against the appellant.

In his petition to recover damages for personal injuries sustained, the appellee averred that:

"He was driving along Lexington street, a public thoroughfare in the city of Danville, in a buggy drawn by a horse, when the defendant, the board of council of the city of Danville, by its gross carelessness and negligence in having at said time and place in operation, under the conditions then and there existing and without safeguards or warning, a large roller and steam engine, and by its gross carelessness and negligence in the handling, management and operation of said engine and roller at said time and place, and by its gross carelessness and negligence in causing and permitting said engine to suddenly emit large quantities of steam, and throw and cause same to be emitted and thrown towards the horse plaintiff was driving, as this plaintiff was in the act of passing along said street, and by said engine and roller, caused the horse driven by him to be and become frightened and unmanageable, and rear and plunge and kick, and to kick the plaintiff, and to break, fracture and sprain his ankle and foot."

The evidence on behalf of the plaintiff conduced to show that just as the horse appellee was driving came opposite the steam roller that was being used by agents or employes of the city in the repair of its streets, the employes in charge of it suddenly and without giving notice or warning of their intention so to do, negligently or carelessly caused or permitted the engine to let off steam, with a hissing noise, which struck the ground under and about the horse's feet.

Or as said by counsel for appellee "his injuries were due to and caused by the negligent act of the appellant's employes in throwing this steam under and about this

horse, which was going gently by the roller, and would not have been frightened except for this negligent act.''

Conceding that the evidence introduced on behalf of appellee sustained the charge of negligence averred, we are nevertheless of the opinion that the appellee was not entitled to recover and the court should have granted the request of the appellant to instruct the jury to return a verdict in its favor. We have held in a number of cases that a city, in the absence of a statute authorizing suit, is not liable in damages for the negligence or torts of its employes or agents while they are engaged for it in the performance of a governmental or public duty. Schwalk's Admr v. City of Louisville, 135 Ky., 570; Kippes v. City of Louisville, 140 Ky., 423; Board of Park Commissioners v. Prinz, 127 Ky., 470; Twyman v. Board of Councilmen of the City of Frankfort, 117 Ky., 518; City of Louisville v. Carter, 142 Ky., 443; Hershberg v. City of Barborville, 142 Ky., 60. The principle announced in these cases is sustained by practically all the authorities, and has been so fully considered in the cases cited that it seems unnecessary that we should restate the reasons upon which the doctrine rests. In some of the cases it has been difficult to draw the distinction between services performed for the city in its governmental or public capacity, and services performed for it in its private or corporate capacity. But, we are not met with any difficulty of that sort in this case, because in the improvement and construction of its streets, the city was acting in its governmental capacity and performing a duty not only authorized but imposed by law.

Wherefore, the judgment is reversed, with directions to dismiss the petition.