## City of Bowling Green v. Rogers, et al.

(Decided March 3, 1911.)

## Appeal from Warren Circuit Court.

Municipalities—City Prison—Nuisance.—A city is not liable to the owner of a lot adjacent to its city prison because the property, by reason of the prison, is rendered less desirable for a residence. If the prison is badly kept the keeper is liable for his negligence, but the city is not. A city prison is not per se a nuisance.

W. W. MANSFIELD and GRIDER & HARLIN for appellant.

SIMS & RODES for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

The city of Bowling Green erected on a lot owned by it a city hall in which were the offices of the Mayor and other city officials, the police court room, and the city prison. The part of the building set apart for the city prison was on the side next to the lot of Mary H. Rogers, used by her as a family residence. About two years after the erection of the city hall and its occupancy by the city authorities, she brought this suit against the city to recover damages on the ground that the city prison had rendered the use of her property as a residence less valuable, and in fact destroyed the value of its use as a residence. On a trial of the case, she recovered a judgment for $1,000. The city appeals.

The only question we deem it necessary to consider on the appeal is whether the court should have instructed the jury peremptorily to find for the defendant. The proof on the trial for the plaintiff showed in substance these facts: The windows of the prison which are covered with bars look to the front and to the rear. There are no windows looking toward Mrs. Rogers' property, but persons in the prison can stand at the windows and see

the rear of her lot, thus destroying its privacy; and can also see the front of the lot. The persons confined in the prison are those arrested for the violations of the city ordinances and under the State laws for misdemeanor. Many of the prisoners use very vulgar and indecent language in talking to one another, and this talk when the windows are up, can be heard in Mrs. Rogers' property. The prisoners are often noisy, especially when brought into the prison intoxicated, and thus disturb the rest of the Rogers' family. Foul and disagreeable odors proceed from the windows and these enter the Rogers' house. The prisoners can be seen from the Rogers' premises through the windows and often they are very scantily clad.

Among other powers conferred on the city by the Legislature is this:

"To establish and erect * * * city prisons, work houses make regulations for the government thereof." (Ky. St., 3290, Subsec. 4.)

In enacting and enforcing ordinances for the peace and good order of the city, it acts as an arm of the State government; and in establishing a prison in which the prisoners arrested under these ordinances may be confined, it discharges a governmental duty, and is in this simply a part of the State government. It is the duty of the keeper of the prison to use ordinary care to keep it clean and sanitary, to maintain order and to see that the prisoners conduct themselves in a decent and orderly manner. If the keeper negligently fails to do any of these things, and allows his prison to become a private nuisance, he must answer in damages to any person aggrieved thereby. But this court has held in a long line of opinions that the city is not liable for the negligence of its officers in the exercise of its governmental functions. Thus in Twyman v. Frankfort, 117 Ky., 518, the deceased had lost his life it was alleged from having been negligently exposed to inclement weather when removed from a comfortable home to the pest house used for smallpox purposes, it being very crowded, poorly ventilated and wholly unfit for the purpose for which it was used. A demurrer was sustained to the petition by the circuit court, and this on appeal was affirmed. The previous cases on the subject are collected in that opinion. In Board of Park Commissioners v. Prinz, 127 Ky., 460, the plaintiff sued to recover for injuries sustained by the negligence

of the employes of the city in the operation of a steam roller used by the commissioners in the maintenance of the parks of the city. The authorities on the subject are carefully reviewed in that opinion, where it was again held that no recovery could be had. These cases have been since followed in Kippes v. Louisville, 140 Ky., 423; Hershberg v. Barbourville, 142 Ky., 60.

A prison is not per se a nuisance. In Clayton v. Henderson, 103 Ky., 234, the city had located its pest house in violation of law at a point where is was unlawful to locate one and was so held liable to one who had been damaged by reason of the unlawful location of the pest house in the city. In Paducah v. Allen, 111 Ky., 366, a recovery was allowed in favor of an adjoining proprietor where a pest house was located not in violation of law. But the ruling is based upon the ground that a pest house works an injury per se, and that when the city by the location of its pest house destroys the value of adjoining property, it should recompense the owner for the loss under section 242 of the Constitution. This ruling only applies to things that work an injury per se. In Pfingst v. Senn, 94 Ky., 556, it was held that a beer garden, bowling alley, and dancing hall were not per se a nuisance. The same rule was followed in Albany Christian Church v. Wilburn, 112 Ky., 507, as to a stable erected on a lot adjacent to a church, and in Boyd v. City of Frankfort, 117 Ky., 199, it was held that a negro church was not per se a nuisance, though they hold late and sing loud and long. A number of other authorities are collected in these opinions. Whether a prison will be a nuisance or not will depend upon the way in which it is kept. The owner of property holds it under the law, and he can not complain of a lawful use that is made of his neighbor's property that does not invade his rights. Appellee can not complain that the city built on its lot the city hall. She held her lot subject to the lawful use that the city might see fit to make of its property. If the county had bought the lot where the city hall stands, and built a courthouse on it, the assembling of many persons at the courthouse from day to day, would have had no little effect on the value of appellees' property for residence purposes. But she could not for this have maintained an action against the county; and if the county had built a jail on the lot, it would have been no more responsible to her for the conduct of the prisoners in the

jail or for the negligence of the keeper of the jail, than the city is in the case before us. The State may buy land and establish a branch penitentiary, but the State is not liable to an adjoining proprietor for damages because the penitentiary is located near him, even though the State should enter its apperance to the action. The city is no more liable than the county or the State would be in the cases supposed; for being an arm of the State government created for governmental purposes, it is simply discharging one of the functions of the State government by its authority.

We, therefore, conclude that under the evidence the court should have instructed the jury peremptorily to find for the defendant.

Judgment reversed and cause remanded for a new trial and further proceedings consistent herewith.