## Smith's Admr. v. Commissioners of Sewerage of Louisville.

(Decided February 2, 1912.)

Appeal from Jefferson Circuit Court.
(Common Pleas Branch, First Division).

1. Municipal Corporations—Liability for Torts.—In matters pertaining to the conduct of charitable, reformatory, penal, and other public institutions supported by taxation, an action will not lie against the municipal, or other corporation, or body, that manages and controls them, for the tort or negligence of the agents or servants in their employment.

2. Municipal Corporations—Governmental Function.—There are two general principles underlying the administration of government of municipal corporations; the one is that a municipal corporation, in the preservation of peace, public health, maintenance of good order, and the enforcement of the law for the

safety of the public, possesses governmental functions, and represents the State; the other is where the municipal corporation exercises those powers and privileges peculiarly for the benefit of the corporation. Under the former the city is not liable for the malfeasance, misfeasance or nonfeasance of its officers; but under the latter, it is liable.

3. Municipal Corporations—Exercising Governmental Function.— The "Commissioners of Sewerage of Louisville," a corporation created for the purpose of constructing certain sewers in the city of Louisville was, while erecting said sewers, acting in a governmental capacity as an arm of the government, and not in its private capacity for the benefit of the corporation, and was not liable for injuries to a laborer caused by the negligence of its superintending officers.

4. Right of Action Given by Constitution and Statute.—Section 241 of the Constitution, and section 6 of the Kentucky Statutes, which give the right to recover damages for the death of a person, were not intended to give a right of action against a municipal corporation for the death of a person occurring as the result of an act done in the performance of a duty which the municipality owed to the public, and the doing of which was but the exercise of power purely governmental.

EUGENE R. ATTKISSON and D. J. BONNER for appellant.

TRABUE, DOOLAN & COX for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This is an action for damages against the "Commissioners of Sewerage of Louisville," a corporation, for the death of William Gibson Smith, who was killed while he was at work as a common laborer in the construction of a section of the Southern Outfall Sewer by the appellee. The work had been originally let to a general contractor, who failed to carry out his contract, whereupon the appellee undertook its completion. Appellee's superintendent and engineer were in charge of the work, and Smith was an employe and engaged at work under one of appellee's foremen and its superintendent, when he was killed through the negligence of appellee's agents and servants. The trial judge sustained a demurrer to the petition as amended, upon the ground, that in constructing the sewer, the appellee was exercising a purely governmental function, and for that reason was not liable for the negligent acts of its employes, which resulted in Smith's death. The plaintiff having declined to further plead, the petition was dismissed, whereupon the plaintiff prosecuted this appeal.

The trial judge rested his ruling upon the authority of the Board of Park Commissioners v. Prinz, 127 Ky., 460, and Kippes v. City of Louisville, 140 Ky., 423. The only question presented by this appeal is the liability of the appellee to suit for personal injuries resulting in the death of Smith.

The appellee was created and its duties defined by the Act of 1906, which is a part of the charter of cities of the first class, being Section 3037b of the Kentucky Statutes. The constitutionality of this act was upheld by this court in Miller v. the City of Louisville, 30 Ky. L. R., 664, 99 S. W., 284, which case was subsequently approved by this court in Render v. the City of Louisville, 142 Ky., 414.

By sections 6 and 9 of the act of 1906, creating appellee, it is expressly empowered to construct the sewer upon which Smith was working at the time of his death; and, by section 10 of said Act, the sewers, when completed and ready for use, must be turned over to the Board of Public Works of the city for future control. After the sewer shall have been completed, the appellee will have no further duties to perform. It therefore appears that the whole tenor of the Act makes the appellee one of the public boards of the city of Louisville, for a special governmental purpose, and its property, of every character, belongs to the city in trust for the public, which is taxed to provide for the discharge of the bonded debt voted by it. If appellant could recover a judgment against the appellee, there would be no funds in its hands with which to satisfy the judgment, since the law requires that all money in its hands must be applied to the construction of sewers; and clearly the appellant would not be allowed to take possession of the sewerage system of the city and confiscate it to his own use.

In the Prinz case, Prinz sued the Board of Park Commissioners of the city of Louisville to recover damages for injuries which he claimed he had sustained by the negligence of the employes of the Park Commissioners in the operation of a steam roller. He recovered a judgment in the circuit court, which, however, was reversed by this court in an elaborate opinion, which reviewed the authorities and settled the law, in so far as this jurisdiction is concerned. The reasoning of the opinion in the Prinz case applies with possibly greater force to the case at bar.

Appellant insists, however, that the appellee is, by

the terms of the act charged only with ministerial duties, and has no governmental functions or powers, and is, therefore, liable for the negligent acts of its employes, just as a private corporation or individual would be liable. This contention is based upon the claim that the appellee does not have jurisdiction or governmental discretion with regard to the adoption of a sewer system, since that provision was made by the Act; but its purpose is merely to construct the sewers provided, for the private advantage and benefit of the locality and the inhabitants of the city of Louisville, which purposes, it is claimed, are essentially private, as defined in the Prinz case. This contention of appellant, however, is neither sustained by the reasoning nor the language found in the opinion in the Prinz case, since in that case we said:

"The property held in trust by the board of park commissioners for the use of the public generally is not the subject of taxation. This was expressly decided by this court in the case of city of Owensboro v. Commonwealth, 105 Ky., 344, 20 Ky. L. R., 1281, 49 S. W., 320, 44 L. R. A., 202, and that parks may be acquired by cities, and taxes imposed for their purchase and care, was decided in city of Lexington v. Kentucky Chautauqua Assembly, 114 Ky., 781, 24 Ky. L. R., 1568, 71 S. W., 943. It may therefore be regarded as settled in this jurisdiction that public parks, maintained and managed without corporate or individual gain or profit, are not only exempt from taxation, but may be created and maintained by taxation. Hence they are essentially public places established for purely public purposes. The right of the city to support public parks by taxation is rested upon the ground that the municipal authorities are charged with the duty of maintaining the public health, and that parks where exercises and recreation can be indulged in, and pure and clean air breathed, contribute largely to the health of the community. Viewing the matter from this standpoint, the parks of the city occupy towards it and its inhabitants the same relation as do hospitals and other public institutions useful and necessary in the preservation of the health, safety, and morals of the people."

And, after an exhaustive review of the cases, the court closed its opinion in the Prinz case as follows:

"From the cases written by this court, it may safely be said that in matters pertaining to the conduct of

the charitable, reformatory, penal, and other public institutions, such as parks, supported by taxation, an action will not lie against the municipal or other corporation or body that manages and controls them, for the tort or negligence of the agents or servants in their employment.''

The distinction between those cases where a municipality is liable for damages in exercising its corporate powers, and where it is not so liable, is pointed out in Having v. City of Covington, 25 Ky. L. R., 1617, 78 S. W., 431, where it was sought to recover damages against the city for the wrongful acts of its agent in assaulting Having, who was afflicted with a contagious disease, and incarcerating him, by violence, and against his consent, in a house that was unfit for human habitation. In denying Having's right to recover for the alleged assault, this court said:

''There are two general principles underlying the administration of government of municipal corporations. The one is that a municipal corporation, in the preservation of the peace, public health, maintenance of good order and the enforcement of the laws for the safety of the public possesses governmental functions and represents the State. The other is, where the municipal corporation exercises those powers and privileges, peculiarly for the benefit of the corporation.

''Under the former the city is not liable for the malfeasance, misfeasance or nonfeasance of its officers. Under the latter it is. With reference to the matters alleged in the petition of appellant the city, by its officials, was acting for the preservation of the public health and in a governmental capacity and as an arm of the State government and not in its private capacity peculiarly for the benefit of the corporation. All the authorities support this conclusion, and there is no deviation from these principles except where the city is made liable by an express statute. (24 Ky. Law Rep., 1804; 13 Bush, 226; 17 B. M., 728; 89 Ky., 279; Dillon on Mun. Corp., volume 2, 1200; 88 N. W., 695; Am. & Eng. Enc., 2d. Edition, volume 20, 1193; 57 Fed. Rep., 905; 62 Minn., 278.)''

The same rule is announced in Twyman v. Board of Council of Frankfort, 117 Ky., 518, where the following language was used:

''If the acts complained of in the petition were done by the appellee in the effort to protect the public health,

which is a duty that appertains to the city in its public, and not in its corporate or private, capacity, it would seem that there can be no liability upon its part, even though such duty was negligently performed by those to whom its performance was entrusted. (Authorities omitted.)

"In reference to such matters they should stand as does the sovereignty whose agency they are—subject to be sued only when the State, by statute, declares that they may be."

And in the late case of Allison v. Cash, 143 Ky., 679, where appellant sought to recover damages from the County Board of Health, which had closed appellant's store and disinfected her goods, and for taking other quarantine measures for the suppression of smallpox, this court approved the doctrine laid down in the foregoing case, and denied appellant's right to recover. The doctrine is recognized in Schwalk's Admr. v. City of Louisville, 135 Ky., 570; Kippes v. City of Louisville, 140 Ky.. 423; City of Bowling Green v. Rogers, 142 Ky., 559; Board of Council v. Fox, 142 Ky., 478; and Hershberg v. City of Barbourville, 142 Ky., 62.

In view of the many recent decisions of this court upholding this view, we deem it unnecessary to enter upon an examination of the decisions in other jurisdictions.

It is insisted, however, that appellant may maintain this action by virtue of section 241 of the Constitution, and section 6 of the Kentucky Statutes, which give the right to recover for death, in general terms, and do not exempt from their operation any class of cases. This identical question was raised, and decided adversely to appellant's contention, in the Twyman Case, 117 Ky., 518, where we used this language:

"We can not believe that the statute and provision of the Constitution, supra, were intended to give a right of action against a municipal corporation for the death of a person occurring as a result of the act done, as in this case, in the performance of a duty which the municipality owed to the public, and the doing of which was but the exercise of power purely governmental. It seems to us that to hold otherwise would practically do away with municipal authority in the matter of preserving the public health, which would result in consequences disastrous to the public welfare, and ruinous to every city in the State."

It will thus be seen that appellant's right to recover

in the case at bar is precluded by a long line of decisions by this court.

Judgment affirmed.