### Jaegar, et al. v. City of Newport.

(Decided October 3, 1913).

#### Appeal from Campbell Circuit Court.

Streets—Sidewalks—Snow and Ice—Slipperiness—Peremptory Instruction.—In the absence of evidence tending to show that it was customary for a city to treat the removal of snow and ice as a regular part of highway management, a city is not liable for an injury resulting from the presence of snow and ice on a sidewalk, unless due to the defective condition of the sidewalk, or amounting to an obstruction thereof, or resulting from a change in the natural condition of the snow and ice brought about by artificial means.

M. R. LOCKHART for appellants.

OTTO WOLFF for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Mrs. Anna Jaeger fell on one of the sidewalks in the City of Newport and injured her foot. She and her husband, as plaintiffs, brought this action against the City of Newport to recover damages. The trial court, at the conclusion of plaintiff's evidence, gave a peremptory instruction in favor of defendant. The propriety of this ruling is before us for review.

The accident happened at the intersection of an alley with Seventh street between German and Central Avenues in Newport. There had been a snow, and as the snow melted, the water ran down the alley and was frozen at the point where the sidewalk crossed the alley. Mrs. Jaeger had crossed the alley the Saturday evening before the accident. At that time the whole street was frozen, and she crossed the alley with some difficulty. The accident occurred on the next Wednesday or Thursday, which was January 10, 1912. It seems that the ice had accumulated at that time until it was about even with the sidewalk. Plaintiff says the ice was about six inches high, and that there was a large ridge of ice. When she stepped on the ice she fell and her foot was severely injured. She fell before the ridge of ice was reached.

While, due to the operation of the statutes there in force, municipalities in the New England States are held to a stricter degree of liability, the decided weight of authority elsewhere, as well as the tendency of the more recent decisions, is to hold that a city is not ordinarily liable for mere slipperiness of its sidewalks, occasioned by snow and ice. Where, however, the sidewalk itself is defective. or the snow or ice amounts to an obstruction, or its natural condition has been changed by artifiicial means, liability may attach, or where it is customary to treat the removal of snow and ice as a regular part of highway management, a failure to do so may become wrongful or negligent. Dillon on Municipal Corporations, Section 1697; McKellar v. Detroit, 57 Mich., 158; Kannenberg v. City of Aplena, 96 Mich., 53; Chicago v. McGiven, 78 Ill., 347; Village of Gibson v. Johnson, 4 Ill. App., 288; Aurora v. Parks, 21 Ill. App., 459; Broburg v. Des Moines, 63 Iowa, 523; Street v. Inhabitants of Holyoke, 105 Mass., 82; Taylor v. City of Yonkers, 105 N. Y., 202; Henkes v. Minneapolis, 42 Minn., 530; Grimm v. Village of Greenbush, 50 Hun., 605, 3 N. Y. Supp., 76; Harrington v. Buffalo, 121 N. Y., 147; Van Dyke v. Cincinnati, 1 Disn., 532; Calder v. Walla Walla, 6 Wash., 377; Cook v. Milwaukee, 24 Wis., 270; Stanton v. Springfield, 94 Mass., 566.

While in the present case Mrs. Jaeger speaks of a ridge of ice, she admits on cross examination that she fell before the ridge was reached. Therefore, the presence of the ridge was not the proximate cause of her injury. It does not appear that the accident was the result

of any defect in the construction of the alley, or that the natural condition of the ice had been changed by artificial means. Nor does it appear that the city had undertaken the duty of removing the snow and ice from its sidewalks. We, therefore, conclude that the trial court properly directed a verdict in favor of the defendant.

Judgment affirmed.