## Wyatt v. City of Henderson.

(Decided November 4, 1927.)

### Appeal from Henderson Circuit Court.

1. Municipal Corporations.—Municipalities must exercise ordinary care and reasonable diligence to keep streets and sidewalks in reasonably safe condition for travel, despite general rule exempting municipalities from liability for negligence in performance of governmental functions.

2. Municipal Corporations.—The general rule is that municipalities are not liable for negligence of officers or agents in performance of governmental functions for public benefit in which city receives no 'pecuniary gain, though city is liable for negligence in failure to maintain streets and sidewalks in safe condition for travel.

3. Municipal Corporations.—In order that liability may attach to municipality for failure to maintain its streets and sidewalks in reasonably safe condition for travel, city must have actual notice of defects, or dangerous condition must have existed for such a length of time that proper authorities could have obtained knowledge thereof by exercise of ordinary care and reasonable diligence.

4. Municipal Corporations.—Established doctrine is that notice to agent or officer of municipality of fact entirely disconnected from his duties is not notice to city.

5. Municipal Corporations.—In action against city for injuries resulting from fall on smooth, icy street which had been recently sprinkled, petition which failed to show that city employees who flushed and cleaned streets were same officers and agents whose duty was to keep streets in safe condition and repair, or that proper authorities had or should have had knowledge of condition, held not to state cause of action as against demurrer.

6. Municipal Corporations.—City is not ordinarily liable for mere slipperiness of its streets and sidewalks occasioned by snow and ice, unless accumulations have caused rough ridges on surface which city has permitted to remain after knowledge of conditions.

7. Municipal Corporations.—Knowledge of city employees flushing streets in cold weather of resulting icy condition making travel dangerous held not imputed to city, where such employees or officers were not charged with duty to superintend, inspect, and repair streets.

8. Municipal Corporations.—City held not liable for injuries resulting from smooth, icy condition of street flushed by city employees in freezing weather, where officers charged with duty of repairing streets were not notified of condition, and employees sprinkling streets were not shown to be chargeable with duty of making repairs.

9. Municipal Corporations.—Sprinkling of streets for sanitary purposes by agents and employees of city held exercise of "governmental function," in discharge of which city was not liable for negligence.

VANCE & HEILBRONNER for appellant.

HENSON & TAYLOR for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On the 17th day of March, 1926, the appellant and plaintiff below, M. M. Wyatt, was walking on the side-

walk on the east side of Second street, in the city of Henderson, and as he stepped off of it on to Elm Street he slipped and fell and sustained injuries, to recover damages for which he filed this action in the Henderson circuit court against appellee and defendant below, the city of Henderson. He alleged in his petition as amended, in substance, that the accident occurred in the early forenoon of the day mentioned, and that some two or three hours prior thereto, and when there was but little, if any, traveling on the streets, the agents and officers of the city, whose duty it was to do so, sprinkled and flushed the sidewalks and streets at that point, and that the weather was extremely cold and a sheeting of ice was formed on the street upon which he stepped from the sidewalk where he fell, all of which, the petition charged, was gross negligence on the part of the city for which it was liable to plaintiff, and he prayed judgment against it for a total sum of $11,067.55, a part of which was incurred for medical and hospital services. The demurrer filed to the petition was first overruled, followed by an answer to which a reply was filed, and the demurrer filed to the latter pleading was carried back to the petition and sustained, and, plaintiff declining to plead further, his petition was dismissed, and complaining of that judgment he prosecutes this appeal.

The rule is quite universal, in this and other jurisdictions, that municipalities must exercise ordinary care and reasonable diligence to keep the streets and sidewalks therein in a reasonably safe condition for travel, and if they should negligently fail to do so they are liable for consequent injuries to a traveler thereon who himself is exercising ordinary care for his own safety. That doctrine is so well established as to require no listing of the cases from this court so holding, and it forms an exception to the general rule that municipalities are not liable for negligence in the performance of a governmental function imposed upon it for the public benefit and in the discharge of which it received no pecuniary profit. City of Louisville v. Bridwell, 150 Ky. 589, 150 S. W. 672. That the municipality is not liable for negligence in performing its public duties for which it received no pecuniary return (other than the reasonably safe maintenance of its streets), because the thing done was in the performance of a governmental function, has been declared and upheld by this court in a great number of cases, some of which are Browder v. City of Henderson,

182 Ky. 771, 207 S. W. 479; Von Almen's Adm'r v. City
of Louisville, 180 Ky. 441, 202 S. W. 880; City of Louis-
ville v. Hehemann, 161 Ky. 523, 171 S. W. 165, L. R. A.
1915C, 747; Board of Park Com'rs v. Prinz, 127 Ky. 460,
105 S. W. 948, 32 Ky. Law Rep. 359; and Kippes v. City
of Louisville, 140 Ky. 423, 131 S. W. 184, 30 L. R. A. (N.
S.) 1161.

Other cases of the same tenor both preceding and
following those named could be cited in support of the
same proposition, and the last cited one (Kippes case)
was an action to recover damages through the negligence
of the city, or those of its agents engaged in the work of
sprinkling and flushing the streets, and, in holding that
the defendant was not liable, we said, inter alia:

"In fact we have expressly held that sprinkling
the streets of a city is essential to the health, comfort
and safety of its inhabitants as well as the public
generally, who use its streets. Putting the service
the agents of the city, or one of its departments,
were performing at the time the plaintiff was in-
jured, upon the ground mentioned, the decision of
the lower court is supported by a number of opinions
delivered by this court as well as the weight of au-
thority in other jurisdictions."

The principle of that case was referred to with ap-
proval in the subsequent ones of City of Bowling Green
v. Rogers, 142 Ky. 560, 134 S. W. 921, 34 L. R. A. (N. S.)
461; Board of Council v. Fox, 142 Ky. 478, 134 S. W. 883,
32 L. R. A. (N. S.) 636; City of Louisville v. Carter, 142
Ky. 444, 134 S. W. 468, 32 L. R. A. (N. S.) 637; Smith's
Adm'r v. Commissioners of Sewerage of Louisville, 146
Ky. 564, 143 S. W. 3, 38 L. R. A. (N. S.) 151; Flutmus v.
City of Newport, 175 Ky. 818, 194 S. W. 1039; and Brow-
der v. City of Henderson, supra. The particular facts in
each of those cases were not the same as those appearing
in the Kippes case and in the instant one, but the gen-
eral principle denying the liability of the municipality
was the same in each of them, and they, with others ren-
dered by this court, firmly established the doctrine in this
jurisdiction, which is that a municipality is not liable for
the negligence of its agents and officers while the latter
are engaged in performing a governmental function for
the municipality, except in cases of the construction and
maintenance of streets and sidewalks, and which forms
an exception to the general rule of nonliability of the mu-

nicipality; and which involves the concession that, in the construction and maintenance of streets, sidewalks, and public ways, the city is discharging a governmental function but upon which the courts are not in entire accord. But be that as it may, the cases, supra, and others from this court establish beyond controversy that a municipality is not liable for negligence in the performance of a strictly governmental function, but that they are liable (by way of exception to that rule, or because it does not come within it) for negligence in the construction and maintenance of public ways, including streets and sidewalks.

In order, however, for liability to attach for the failure of a municipality to maintain its streets and sidewalks in a reasonably safe condition for travel, the city must have actual notice of the defects producing the unsafe condition, or such dangerous condition must have existed for such a length of time as that the proper city authorities could have obtained knowledge by the exercise of ordinary care and reasonable diligence. So that, if the alleged dangerous condition in this case was one for which the city of Henderson was liable to plaintiff (provided it had notice followed by sufficient time to remove the danger), then the petition on its face shows that the dangerous condition complained of had only existed for, at most, about three hours, which no case from this or any other court has ever held to be sufficient time from which to infer notice and render the municipality liable.

But it is insisted that notice on the part of the city is not required in order to fasten liability on it when its own officers and agents produce the danger, as is claimed was done in this case. That contention, however, ignores the well-established rule of nonliability, supra, and also overlooks the fact that it is nowhere alleged in plaintiff's pleading that the agents and officers who did the flushing and cleaning of the streets of Henderson, complained of herein, were the same agents and officers whose duty it was to repair, inspect, or maintain the streets of the city, and which duty is generally performed by an appointed street committee to which such powers are delegated by the city council. In other words, the established doctrine is that notice to an agent or officer of a municipality of a fact entirely disconnected from his duties is not notice to the city, and it was so held by us in the cases of City of Louisville v. Lenehan, 149 Ky. 537, 149 S. W. 932, Ann.

Cas. 1914B, 164, and City of Paducah v. Ivey's Adm'r, 196 Ky. 484, 245 S. W. 4. There was no allegation in the petition as amended that the street committee for the city of Henderson, or any one whose duty it was to keep the streets in repair (including its chief officers), had any knowledge of or time for discovering the dangerous condition of the street complained of, and unless they themselves were the same officers and agents who did the sprinkling and flushing of the streets the defendant neither had notice of the dangerous condition, nor did it have sufficient time to acquire such knowledge.

Independently, however, of the foregoing considerations the general rule is "That a city is not ordinarily liable for mere slipperiness of its sidewalks occasioned by snow and ice," but that, if the snow and ice was accumulated so as to make rough ridges on the surface of the streets and walks and the city negligently permitted it to remain so after knowledge or opportunity of acquiring knowledge of the conditions, it might be liable to one injured, but which rule is bottomed upon its general liability for failure to maintain its streets and sidewalks in reasonably safe condition for travel. Liability might be created also against the city if it had constructed and maintained its walks or streets in such a negligent manner as to gather pools of water therein, and which afterwards froze and created dangerous spots in the passway, and which danger existed for such a length of time as that the city could have discovered it by the exercise of ordinary care and removed it. But no case has ever been found where the municipality was held liable because of slipperiness of a uniform smooth surfaced walk or street produced by the formation of ice thereon, and which was so held by us in the cases of Jaegar v. City of Newport, 155 Ky. 110, 159 S. W. 671, and Varney v. City of Covington, 155 Ky. 662, 160 S. W. 173. To the same effect is the text of 43 C. J. pages 1022-1025, both inclusive. See, also, case of Hopson v. City of Detroit, 235 Mich. 248, 209 N. W. 161, 48 A. L. R. 1150; and on page 1025 of Corpus Juris, supra, the necessity for notice of the slippery condition. of the street by its proper agents and officers is stated in paragraph 1803.

The pleaded case therefore comes to this: The city of Henderson was through its proper agents and officers in the performance of their duty engaged in cleaning the streets of the city for sanitary purposes and which was

the discharging of a governmental function, and in such case the city is not liable for their negligence if any; but if they were negligent and such negligence produced the slipperiness of the street complained of, it is not shown that their knowledge could be imputed to the city because it does not appear that they were the ones whose duty it was to superintend, inspect and repair the streets and to keep them reasonably safe for travel. Furthermore, it appears that there existed no physical defects in the surface of the street at the place where the injury occurred, and that the unsafe condition, if any, was the freezing of water on a smooth and evenly surfaced street which the city is not required to remove. In no view of the case, therefore, were any facts alleged creating a legal liability against the city in favor of plaintiff, and the court did not err in sustaining the demurrer to the petition as amended and in dismissing it when the plaintiff declined to plead further.

Wherefore the judgment is affirmed.

The whole court sitting.