## City of Georgetown v. Red Fox Oil Company.

(Decided March 22, 1929.)

WARNER E. HAYNES AND FORD & FORD for appellant.

BRADLEY & BRADLEY for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—
Reversing.

By resolution of the board of council of the city of Georgetown, approved March 25, 1925, it was provided that certain streets of the city, designated therein by name, be oiled at the expense of the owners of the abutting property, under the provisions of sections 2741e1 2741e6, Kentucky Statutes. Milligan Fleming, who was then city treasurer, was employed to superintend the oiling of those streets. After the streets provided for in the resolution had been oiled, there was some oil left in the tank car in which it had been shipped. Fleming spread or sprayed this oil on the Paris pike, a road leading from an intersection with Main street, in Georgetown, to Paris, Ky. At its intersection with Main street the pike descends for some two or three hundred feet on a considerable grade. The morning after the oil had been placed on the pike, a heavy truck belonging to appellee, and driven by one Jesse Hiles, its employee, turned off Main street onto the pike, and, upon striking the oiled surface, began skidding, and continued to skid down the grade of the pike until it struck a railroad switch and there turned over, breaking two wheels, destroying a number of oil containers with which the truck was loaded, spilling considerable oil and gas, and damaging the truck to such an extent that it cost $203.25 to repair it, to recover which sum and for damages to the oil cans, loss of oil and gas, and loss of use of the truck, appellee sought judgment against the city for the total sum of $514.05. On the trial it was awarded judgment for $250. The city has filed transcript of the entire record in this court, and prayed an appeal from the judgment against it.

Numerous grounds are urged by appellant for our consideration, among them, that it was entitled to a peremptory instruction at the conclusion of plaintiff's testimony, its motion for which was overruled. Since we have reached the conclusion that its motion should have been sustained, no other grounds need be considered.

Appellee predicated its right to recover upon the allegations in its petition and amended petition that the defendant, "through its agents and servants whose duty it was to repair, inspect and maintain the streets of the city, oiled said street for the purpose of repairing, preserving and maintaining same, and laying the dust thereon by putting a heavy application of oil thereon,

thereby making same very slick and not reasonably safe for vehicles to travel on; that after said street was oiled it left same open for travel without any warning of its condition or that it was unsafe for public travel; and that after said street was oiled the driver of a truck belonging to plaintiff drove its said truck upon said street not knowing of its dangerous condition and as soon as the wheels of said truck struck said oil it started skidding down the hill from under the control of the driver, finally turned over breaking and injuring said truck.''

After introducing witnesses to prove the damage to the truck and loss of oil cans, oil, and gas, and to show the condition of the pike where the truck skidded, appellee called as a witness in its behalf Mr. Fleming, the city's employee who had put the oil on the pike. By him it was shown that Paris pike was not one of the streets ordered by the city to be oiled; that he had spread the oil thereon of his own volition because he had a small quantity left after having oiled the streets provided for in the resolution of the city council; that the oil had been spread on or about May 1st, at about 5 or 5:30 o'clock in the afternoon just before time to quit work; that the oil was heated before spread on the road; and that some time during the night or early next morning rain began falling, and that the rain caused the warm oil to congeal on the surface of the road and prevented it from penetrating the rock and dirt thereon, which caused the slick condition of the road and caused the truck to skid. This testimony was not contradicted. It was shown by the driver of the truck that he drove onto this oiled portion of the pike about 7 o'clock in the morning after the oil was spread, and it was at that time raining slightly.

It cannot be doubted that, in oiling its streets, the city was performing a governmental function (Kippes v. City of Louisville, 140 Ky. 423, 131 S. W. 184, 30 L. R. A. (N. S.) 1161; Flutmus v. City of Newport, 175 Ky. 817, 194 S. W. 1039); and it is the universal rule that a municipality is not liable for negligence of its officers and agents while the latter are engaged in performing a governmental function for the municipality, except in cases of construction and maintenance of streets and sidewalks, and which forms an exception to the general rule (Browder v. City of Henderson, 182 Ky. 771, 207 S. W. 479; Von Almen's Adm'r v. City of Louisville, 180 Ky. 441, 202 S. W. 880; City of Louisville v. Carter, 142 Ky. 443, 134 S. W. 468, 32 L. R. A. (N. S.) 637; O'Gara v. City of

Dayton, 175 Ky. 395, 194 S. W. 380, L. R. A. 1917E, 574).
But, in order for liability to attach for failure to maintain streets in a reasonably safe condition for travel, the city must have notice of the defect, or the defect must have existed for such length of time that the city authorities could have obtained knowledge of its existence by the exercise of reasonable diligence. Wyatt v. City of Henderson, 222 Ky. 292, 300 S. W. 921, and cases therein cited.

Appellee concedes these general rules, but urges that, since the unsafe condition was created by the agent of the city who was employed to oil the streets, no other notice, nor notice to any other official of the city, was required.

Ordinarily, if the defective or unsafe condition in a street is caused by, or notice thereof is brought to, those officers or agents of the municipality whose duty it is to inspect, repair, and maintain the streets, that is sufficient to charge the city. City of Harlan v. Parsons, 202 Ky. 358, 259 S. W. 717, and cases therein cited. And, while it is alleged that the street, Paris pike, was oiled by the officers and agents of the city whose duty it was to repair, inspect, and maintain the streets, the evidence for the plaintiff shows that the agent of the city who oiled the street in question was the regular city treasurer, and that he neither had nor exercised, in virtue of that office, any authority whatever over the streets of the city, and was employed specially, and for this occasion only, to oil the streets designated in the resolution introduced in evidence, and that in spreading the oil on Paris pike he did it without any authority or direction from the city council or street committee, and that he acted of his own volition and on his own motion because there was a small quantity of oil left over, and he apparently thought that was a good place to spread it. In thus oiling that part of Paris pike, Fleming was not acting under the resolution of the board or council, nor under or in the course of his employment. He had been employed to oil certain designated streets; Paris pike was not one of them; and, when he spread oil on that road, his status was that of any other person who might, under similar circumstances, have spread a quartity of oil on that road. In such case, assuming, but not deciding, that the oil created an unsafe condition of the road, the city's liability, under the exception to the general rule above mentioned, is dependent upon notice or the lapse of sufficient time in which it

could have known of the defect and unsafe condition by the exercise of reasonable diligence. Armour & Co. v. City of Louisville, 213 Ky. 470, 281 S. W. 465; Wyatt v. City of Henderson, supra.

It is not disputed that the oil complained of was spread between 5 and 5:30 o'clock in the afternoon; that it commenced to rain during the night or early next morning, and was raining slightly at 7 o'clock, when appellee's truck was driven onto the oiled surface. There is therefore presented the sole question whether sufficient time elapsed between the spreading of the oil and the skidding of appellee's truck to charge the city with notice that the oil had not penetrated the street, had congealed on the surface, and had created an unsafe condition.

In Armour & Co. v. City of Louisville, supra, the defect complained of was the caving-in of a street over a sewer which had been weakened by an excessive pressure of water due to an unprecedented rainfall the same day.

In Wyatt v. City of Henderson, supra, the defect complained of was the sprinkling of a street and the freezing of the water some three or four hours prior to the time plaintiff, stepping on the ice thus formed, slipped and fell, sustaining the injury sued for. In each of these cases it was held, in the absence of any showing of notice, that the time which elapsed was not sufficient to carry notice.

Appellee relies upon the cases of City of Lebanon v. Graves, 178 Ky. 749, 199 S. W. 1064, L. R. A. 1918B, 1016, and Bickel Asphalt Pav. Co. v. Yeager, 176 Ky. 712, 197 S. W. 417. An examination of these cases shows that in the former the defect complained of was a slippery condition of a sidewalk which had continued for two or three years, and during which time many persons had slipped and fallen on it. In the latter case liability was fixed upon the city of Louisville because the injury complained of resulted from a hole in the street which had existed for some months.

Under the facts presented by the record and the reasoning of the authorities cited, appellant was not liable for the damages claimed by appellee, and its motion for a peremptory instruction at the conclusion of plaintiff's evidence should have been sustained.

Wherefore the appeal is granted, and the judgment is reversed for proceedings consistent with this opinion.