## South Covington & Cincinnati Street Railway Company v. Wintermeyer.

(Decided November 15, 1918.)

Appeal from Kenton Circuit Court (Criminal, Common Law & Equity Division).

Street Railroads—Use of Ordinary Care to Keep in Safe Condition.—A street car company is required to use ordinary care and diligence to keep that portion of a street occupied by its roadbed in reasonably safe condition for public travel; and in the absence of a contract or ordinance fixing the extent of the company's duty in this respect the common law duty requires it to keep the street in repair at least to the ends of its cross ties.

LEWIS F. BROWN for appellant.

S. L. BLAKELY and E. W. PFLUEGER for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

While crossing Third street, east of Scott street, in Covington, about midnight, appellee struck his foot against a projecting rail in appellant's street car track, causing him to fall and be severely injured. He recovered a judgment for substantial damages, and the company appeals, assigning the trial court's refusal to sustain its motion for a peremptory instruction to find for it, as the only ground for a reversal.

Appellant's contention is that the proof fails to establish the negligence relied upon for a recovery. It

requires but a brief examination of the pleadings and proof to show the error of appellant's theory of this appeal. The original petition alleged that the company negligently caused and permitted the rail of its track to project above the adjacent brick surface of the street, thereby constituting a dangerous obstruction which caused appellee's injury; while the proof showed the appellee was injured by stepping into a hole caused by the removal of several surface bricks adjacent to the outside of the rail. Stated a little differently, appellant's contention is that the appellee charged it with negligence in creating a dangerous projection above the surface of the street, while the proof shows it negligently created a dangerous hole below the surface of the street, and that this was such a material variance between the pleading and the proof as to justify a directed verdict for the defendant.

But in view of the amended petition, which counsel for appellant has evidently overlooked, it is not necessary to decide the question raised, since the amendment filed to conform to the proof charges that there was a deep depression in the street, next to the rail, and that by reason thereof the rail was "elevated or projecting above the bottom of said depression," leaving a hole into which his foot "was precipitated to the bottom," causing the injuries which are the subject of this action. Clearly there was no variance under the amendment.

The rule that a street car company is required to use ordinary care and diligence to keep that portion of the street occupied by its roadbed in a reasonably safe condition for public travel is not controverted. 36 Cyc. 1403; Groves v. Louisville Ry. Co., 109 Ky. 76, 52 L. R. A. 448; Owensboro City R. Co. v. Barber Asphalt Paving Co., 32 Ky. L. R. 844, 107 S. W. 244, 14 L. R. A. (N. S.) 1216; City of Louisville v. Arrowsmith, 145 Ky. 504. Neither is it contended that the hole was not upon that portion of the street occupied by the track. Usually the extent of the company's duty in this respect is fixed by ordinance, or contract; but if not so provided in this case the common law duty of the company required it to keep the street in repair at least to the ends of its crossties, which would include the hole.

Judgment affirmed.