The MIDLAND–GUARDIAN
COMPANY, Appellant,

v.

E. Gayle McELROY and Helen Ruth McElroy, his wife, Chester L. Sturgeon and Thelma R. Sturgeon, his wife, Ashcraft's Inc., Dennis Ashcraft and Marcella Ashcraft, his wife, Dale Ashcraft and Deborah Ashcraft, his wife, Douglas Ashcraft and Victoria Ashcraft, his wife, Commonwealth of Kentucky, Department of Revenue, Commonwealth of Kentucky, Department for Human Resources, Appellees.

Court of Appeals of Kentucky.

March 10, 1978.

Edward S. Monohan, Otto Daniel Wolff, Vest, Ware & Monohan, Florence, for appellant.

Asa M. Rouse, Walton, William S. Cheatham, Dept. of Revenue, Frankfort, J. J. O'Hara, Douglas M. Stephens, Covington, Ryan Halloran, Dept. for Human Resources, Frankfort, William McEvoy, County Atty., Burlington, for appellees.

Before GANT, HOGGE and WILHOIT, JJ.

GANT, Judge.

This is an appeal from an order of the Boone Circuit Court confirming the sale of certain real property and distributing the proceeds thereof, by which distribution the court directed that tax claims of Boone County and the City of Walton had priority over a vendor's lien and a recorded mortgage, both recorded some three years prior to the tax claims, the bulk of these tax claims apparently being against tangible personal property owned by the same parties who owned the realty sold. This priority was accorded even though neither the county nor city was a party to the action and no proof was taken concerning the amount of the tax claim attributable to the personal property tax.

The grantees of a 2.106-acre tract of land executed to the grantors a promissory note on April 25, 1972, for which a lien was retained in the deed. At the time of this purchase, grantees owed appellant a large sum of money on another note and appellant took a mortgage on the same property at the time it was acquired, which mortgage was inferior to the purchase money lien. The deed and mortgage were recorded in April of 1972. The grantees operated a mobile home sales center on the property and on September 25, 1975, failed to make payment on the purchase money note to the grantors who then instituted this proceeding to foreclose on their lien. The action was brought against the grantees, the appellant, the Commonwealth of Kentucky, Department of Revenue (because grantees owed delinquent withholding, sales and use taxes) and the Commonwealth of Kentucky Department of Unemployment Insurance (because grantees owed delinquent unemployment insurance).

On October 18, 1976, the Master Commissioner recommended that the property be sold and the court, in its judgment and order of sale, ordered the property sold and the proceeds applied first to the costs of the action, second "[t]o the taxes due on said property to the City of Walton, Kentucky; to the County of Boone; and to the State of Kentucky." Then followed the lien of the grantors, the mortgage lien of the appellants, and the various tax liens of the Commonwealth of Kentucky. The property was sold for $58,100.00, the appellant objecting to the sale, motion for order of distribution, final report, order confirming the final report, and now appeals on the ground that the county and city taxes assessed for the years 1974, 1975 and 1976 were paid prior to his mortgage lien and were either totally or partially on personalty and not on the property itself.

■ The law in Kentucky is quite clear that a recorded mortgage takes priority over any subsequent creditors. KRS 382.-270, KRS 382.280. It is equally clear that the legislature may create statutory liens and establish the priorities thereof. However, as stated in 51 Am.Jur.2d *Liens* § 57, "In the absence of a statute giving precedence to a statutory lien, its relative rank is determined under the general principle of first in time first in right . . . ." This was echoed in the case of *Indiana Truck Corp. v. Hurry Up Broadway Co.,* 222 Ky. 521, 1 S.W.2d 990 (1928), in which the court adopted the rule that:

> In the absence of statutory regulation to the contrary, a lien which is prior in time gives a prior claim and is entitled to satisfaction, out of the subject-matter it binds, before other subsequent liens binding the same property. (Citing authority). But although it is within the power of the Legislature to give a statutory lien priority over other liens, as a general rule a statutory lien does not take precedence over a prior contractual lien, unless the statute clearly shows or declares an intention to cause the statutory lien to override the prior lien. (Citing authority). See also *Adkins v. Carol Mining Co.,* 281 Ky. 328, 136 S.W.2d 32 (1940).

Thus we must examine the applicable statutes, KRS 134.420 and KRS 92.650. Actually, there is only one statute which applies, as KRS 92.650 is made subject to and must be read in conjunction with the provisions of KRS 134.420. KRS 134.420(1) reads, in pertinent part, as follows:

> The state and each county, city or other taxing district shall have a lien on the property assessed for taxes due them, respectively, for five years following the date when the taxes become delinquent. . . . This lien . . . shall have priority over any other obligation or liability for which the property is liable.

■ This section simply means, as applied to this case, that any taxes by the City of Walton or by Boone County assessed against the particular *real estate* would have a priority over the recorded mortgage.

■ KRS 134.420(2) provides that the lien for taxes other than those upon the property assessed "shall accrue at the time the liability is fixed." The section goes on to specify that this includes "any property tax, license tax, inheritance or estate tax, excise tax, income tax, or other tax" not included in Subsection (1). It is quite obviously the import of this paragraph to protect "a holder in due course" or "any person taking the property or a lien thereon for value without actual or constructive notice." The lienholders in the instant case certainly could have neither actual nor constructive notice of personal property taxes accruing two, three and four years after the lien. Any portion of the tax bills of the City of Walton or Boone County on real or personal property other than the property assessed would be subject to the general principle of "first in time, first in right."

■ The appellees urge that the part of KRS 134.420 which gives the city or county a first lien "also on any real property owned by a delinquent taxpayer when the sheriff offers the tax claims for sale as provided in KRS 134.430 and KRS 134.440" pertains to this case and would give the city and county a lien on the real property of the grantees. This is simply not the fact. In the first place, there was no sale of tax claims by the sheriff. Also, all this section means is that when there is a tax lien on assessed real property which is subject to sale by the sheriff under the provisions of the applicable statutes, so much of the lien that remains after the sale of personalty as provided in KRS 134.430 shall constitute a first lien against the assessed real estate. In no event can this be construed to give the taxing authority a lien against real estate for taxes assessed against property other than the particular real estate.

Although the case dealt, in part, with the retrospective application of a statute, analogous language was contained in the case of *Louisville Title Mortgage Co. v. Commonwealth,* 229 Ky. 224, 184 S.W.2d 963 (1945), in which the court, at page 231, 184 S.W.2d at page 967, stated as follows:

If the construction contended for . . . should be the proper one, the result would be that the title to . . . property remains under a cloud until the claim is barred by limitation, for neither he nor anyone with whom he deals could know that at some future date there would not be a retroactive assessment of . . . taxes. . . . The consequences would be that all property of every citizen who might become liable for an income, license, inheritance, excise or any other species of tax is in lien always to the Commonwealth for an unknown and unknowable sum, and no one could clear it. Vendors, purchasers and lenders of money upon mortgage would have their rights subordinated, however innocent they might be. It is not believed that so radical an idea was in the mind of the Legislature. The policy of the law to protect bona fide purchasers and lienees is too firmly embedded in our Bill of Rights, our statutes, our common law and our jurisprudence to be partially extracted by an interpretation of an ambiguous legislative act . . .

Appellees take the position that the appellant is barred by his failure to object to the judgment and order of sale directing the property to be sold and the proceeds applied to "the taxes due on said property." As hereinabove pointed out, the real estate taxes due on said property did constitute a first and superior lien. As soon as the appellant learned that the distribution after sale was to be made for payment of taxes assessed against personal property and not "taxes due on said property" he objected thereto and we feel that his objections were prompt and adequate.

Appellees further urge three cases which would seem to be in contravention of this opinion. Two of those cases apply to the statutes as they existed prior to 1900, when the lien was extended from the property assessed to "all other property" and this extension has been removed from the law. The other case, *Commonwealth v. Walker*, Ky., 80 S.W. 185 (1904), was a case which was "not to be officially reported" and is not authority for their position thereby.

Appellant urges that no taxes should be paid from the proceeds of this sale, including taxes on the real estate, as the City of Walton and Boone County were not named parties to the action in contravention of KRS 426.690. This statute does require that in a suit to enforce a lien against real property, all known claims shall be set out in the petition and the claimants shall be made parties to the action. It is certainly better practice that this be done but it is obvious that the appellant knew of the real estate taxes due against said property and it is equally obvious that appellant acquiesced in the judgment and order of sale directing that these taxes be paid.

Accordingly, the judgment herein is reversed insofar as it pertains to the tax claims of Boone County and the City of Walton and remanded to the lower court with directions to proceed as follows:

1. Proof shall be taken to establish the amount of the tax claims of Boone County and the City of Walton for the years said claims were made in the original action which pertained to the particular real estate only;

2. No additional penalty or interest shall be added to these claims;

3. All taxes assessed against personal property or property other than the real estate sold shall be deducted from the sum awarded to Boone County and the City of Walton and applied against the mortgage of the appellant and judgment entered in accordance herewith.

All concur.